FILED

February 16 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0361

DA 15-0361

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 34

J.G. SHOCKLEY,

        Petitioner and Appellant,

    v.

CASCADE COUNTY, JASON CARROLL,
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, LOCAL 2,

        Respondents and Appellees.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
               In and For the County of Cascade, Cause No. DV-10-534C
               Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Peter Michael Meloy, Attorney at Law, Helena, Montana

        For Appellee:

        D. Patrick McKittrick, Timothy J. McKittrick, Attorneys at Law, Great
        Falls, Montana

        Carey Ann Shannon, Deputy County Attorney, Great Falls, Montana

                 Submitted on Briefs:  January 6, 2016

                       Decided:  February 16, 2016

Filed:

                                 Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1	Following a successful petition under Article II, section 9 of the Montana Constitution for disclosure of certain documents, J.G. Shockley (Shockley) filed a motion for attorney fees and costs under § 2-3-221, MCA.  The District Court granted Shockley his costs but denied his request for attorney fees.  Shockley appeals the denial of his motion for an award of attorney fees, and requests that this Court impose upon district courts clear guidelines for denying motions for attorney fees in right to know cases.  We decline to articulate such guidelines, and we affirm the District Court.

## ISSUE

¶2	We address the following issue on appeal:

Did the District Court abuse its discretion by declining to award Shockley attorney fees under § 2-3-221, MCA?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3	This is the second time this matter has come before us.  In *Shockley v. Cascade County* (*Shockley I*), 2014 MT 281, 376 Mont. 493, 336 P.3d 375, we held that Shockley had standing under Article II, section 9 of the Montana Constitution to assert a claim against Cascade County for disclosure of certain documents.  Shockley was seeking disclosure of a settlement agreement entered into by Jason Carroll (Carroll), a Cascade County detention officer, Carroll's employer, Cascade County (the County), and Carroll's collective bargaining unit, the International Brotherhood of Teamsters, Local 2 (the Union).  *Shockley I*, ¶ 3.  Early in the litigation, the County admitted it had no

objection to disclosure of the settlement agreement. Then on July 25, 2013, the District Court entered Carroll's default. From July 2013 onward, the only barrier to disclosure of the settlement agreement was the resistance of the Union. In opposing disclosure, the Union relied on the confidentiality provision of the settlement agreement, to which it was a party.

¶4 Following our decision in *Shockley I*, the District Court balanced the public's right to know against the individual privacy interests at stake, granted Shockley's motion, and ordered the County to disclose the settlement agreement. As the prevailing party, Shockley then filed a motion under § 2-3-221, MCA, for an award of costs and attorney fees. In his motion for fees, Shockley requested only the fees incurred after Carroll's default was entered and the County conceded that it had no objection to release of the settlement agreement. Thus, his fee request was directed solely against the Union. The Union opposed Shockley's motion. The District Court awarded Shockley his costs but denied his request for attorney fees. Shockley appeals the denial of his request for attorney fees.

## STANDARD OF REVIEW

¶5 We review for abuse of discretion a district court's decision to award or deny attorney fees. *Billings High Sch. Dist. No. 2 v. Billings Gazette*, 2006 MT 329, ¶ 23, 335 Mont. 94, 149 P.3d 565 (citing *Pengra v. State*, 2000 MT 291, ¶¶ 24, 27, 302 Mont. 276, 14 P.3d 499).

**DISCUSSION**

¶6 *Did the District Court abuse its discretion by declining to award Shockley attorney fees under § 2-3-221, MCA?*

¶7 After successfully petitioning under Article II, section 9 for disclosure of the settlement agreement, Shockley sought an award of attorney costs and fees under § 2-3-221, MCA. Section 2-3-221, MCA, provides that "[a] person alleging a deprivation of rights who prevails in an action brought in district court to enforce the person's rights under Article II, section 9, of the Montana constitution may be awarded costs and reasonable attorney fees." An award of attorney fees for prevailing parties in suits brought under Article II, section 9 is discretionary. *Yellowstone Cnty. v. Billings Gazette*, 2006 MT 218, ¶ 30, 333 Mont. 390, 143 P.3d 135.

¶8 Although we have declined to articulate firm guidelines for a district court's denial of a request for attorney fees under § 2-3-221, MCA, "it is well-established that outright denial of a motion for attorney fees without rationale, is 'not an exercise of discretion, but is an abuse of that discretion.'" *Yellowstone Cnty.*, ¶ 30 (citing *Matter of Investigative Records*, 265 Mont. 379, 383, 877 P.2d 470, 472 (1994)). In his brief in support of his motion for attorney fees, Shockley contended that a defendant's acting reasonably and in good faith has not been held to be a sufficient defense to a request for attorney fees and costs in right to know cases. *See e.g. Bozeman Daily Chronicle v. City of Bozeman Police Dep't*, 260 Mont. 218, 232, 859 P.2d 435, 443-44 (1993); *The Associated Press v. Board of Pub. Educ.*, 246 Mont. 386, 393, 804 P.2d 376, 380 (1991). Nevertheless, the District Court determined that "the unique procedural history of this case takes this

4

matter beyond mere reasonableness and good faith on the part of the Union." The District Court granted Shockley his costs but denied his request for attorney fees, on the grounds that the "extraordinary development of case law evolving as the case was in progress [makes it] hard to find any justice in assessing attorney's fees against the Union."

¶9 We decline to reach the question of whether the District Court's rationale for denying fees satisfies abuse of discretion review. Instead, we conclude that an award of attorney fees under any rationale is inappropriate in this case because the sole entity from which such fees are sought—the Union—is not a public or governmental body. As we have said before, "[w]e will affirm a district court decision if the right result was reached, though for the wrong reason, and we do so here." *Hinebauch v. McRae*, 2011 MT 270, ¶ 25, 362 Mont. 358, 264 P.3d 1098 (citing *Wells Fargo Bank v. Talmage*, 2007 MT 45, ¶ 23, 336 Mont. 125, 152 P.3d 1275).

¶10 Article II, section 9 of the Montana Constitution, entitled "Right to know," ensures that "[n]o person shall be deprived of the right to examine documents or to observe the deliberations of all public bodies or agencies of state government and its subdivisions, except in cases in which the demand of individual privacy clearly exceeds the merits of public disclosure." Review of a claim brought under the right to know is a three-step process.

> First, we consider whether the provision applies to the particular political subdivision against whom enforcement is sought. Second, we determine whether the documents in question are "documents of public bodies" subject to public inspection. Finally, if the first two requirements are satisfied, we decide whether a privacy interest is present, and if so, whether

the demand of individual privacy clearly exceeds the merits of public disclosure.

*Becky v. Butte-Silver Bow Sch. Dist. No. 1*, 274 Mont. 131, 136, 906 P.2d 193, 196 (1995). The District Court conducted this analysis in determining whether to grant Shockley's petition for disclosure of the settlement agreement. But the requirements are also relevant to a determination of whether to award attorney fees to a party who prevailed in a right to know action.

¶11 We have in the past affirmed a district court's denial of a motion for attorney fees when the party that objected to disclosure on privacy grounds was not a public body. In *Pengra v. State*, 2000 MT 291, 302 Mont. 276, 14 P.3d 499, we concluded that the district court did not abuse its discretion when it declined the petitioner's request for attorney fees, and we noted that "[t]he State has not asserted a right of privacy-that right has instead been asserted in this case by Pengra, a private party." *Pengra*, ¶ 26. As in *Pengra*, the party in this case asserting a right to privacy and against whom attorney fees are being sought is not a public or governmental body. Rather, that party, the Union, is a private collective bargaining group. As a private entity, the Union is not subject to Article II, section 9 of the Montana Constitution. *Bryan v. Yellowstone Cnty. Elementary Sch. Dist. No. 2*, 2002 MT 264, ¶ 25, 312 Mont. 257, 60 P.3d 381 (explaining that Article II, section 9 applies to public bodies and governmental agencies and that a "public or governmental body" is "a group of individuals organized for a governmental or public purpose."). For this reason the District Court did not abuse its discretion in denying Shockley's motion for attorney fees.

¶12 On a final note, we acknowledge we are resolving this case on grounds not addressed by the parties on appeal. Although we generally do not address issues not raised by the parties, *Pinnow v. Mont. State Fund*, 2007 MT 332, ¶ 15, 340 Mont. 217, 172 P.3d 1273 (citing *In re Parenting of D.A.H.*, 2005 MT 68, ¶ 7, 326 Mont. 296, 109 P.3d 247), we have done so out of necessity before, *see e.g. State v. Dickinson*, 2008 MT 159, ¶¶ 20-24, 343 Mont. 301, 184 P.3d 305 (determining "that the question of whether items would have been inevitably discovered pursuant to execution of a valid search warrant is one we can answer sua sponte"); *Pinnow*, ¶¶ 15-17 (determining sua sponte whether a district court judge "had authority to assume jurisdiction over this case"); *Knowlton v. Knowlton*, 193 Mont. 448, 450, 632 P.2d 336, 337 (1981) (sua sponte setting aside an order granting a modification of custody because "the parties and the trial court failed to abide by" an applicable statute). We do so here because the parties and the District Court failed to acknowledge that right to know fees are recoverable under § 2-3-221, MCA, only when the prevailing party is successful in enforcing his rights under Article II, section 9 of the Montana Constitution, and only against a public body or governmental agency. Were we to resolve this case premised on the rationale adopted by the District Court, our Opinion would by implication suggest that under other circumstances, right to know fees could be recovered against a non-public or non-governmental entity. It is important for purposes of this and future cases to clearly announce that this is not permitted under the law.

**CONCLUSION**

¶13 For the foregoing reasons, we affirm the District Court's May 13, 2015 Order granting Shockley's motion for costs but denying his motion for attorney fees.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE