FILED

03/21/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0358

DA 16-0358

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 65

FRIEDEL, LLC,

      Petitioner and Appellant,

   v.

MONICA LINDEEN, STATE AUDITOR,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 14-1465
Honorable Michael G. Moses, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          William J. O'Connor, II, O'Connor & O'Connor, P.C., Billings, Montana

      For Appellee:

          Nicholas Jon Mazanec, Special Assistant Attorney General, Montana State
Auditor, Helena, Montana

Submitted on Briefs: January 25, 2017

Decided: March 21, 2017

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1    Friedel, LLC (Friedel) successfully obtained documents from the Montana State Auditor's Office, and requested attorney fees pursuant to § 2-3-221, MCA. The Thirteenth Judicial District Court, Yellowstone County, denied Friedel's request and it appealed the Order of the District Court. We address the following issue:

> *Whether the District Court abused its discretion by denying Friedel's request for attorney fees.*

¶2    We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3    Friedel is a surety insurance (bail bond) company in the State of Montana. On February 11, 2014, the Office of the Montana State Auditor, Commissioner of Securities and Insurance (Auditor) instituted an administrative action against Friedel for the purpose of ascertaining whether Friedel's business practices complied with Montana law. On June 6, 2014, Friedel served two nearly identical requests on the Auditor, asking for the entire agency file on Friedel. The first was submitted as a discovery request within the context of the administrative action. The second was made pursuant to the "Right to Know" provision of the Montana Constitution. Mont. Const. art. II, § 9. On July 3, 2014, the Auditor responded to the two requests by providing Friedel with 276 documents and a privilege log for nine documents that were not released. On October 8, 2014, Friedel filed a motion to compel the Auditor to give it access to the documents covered by the privilege log. Prior to the filing, Friedel did not express any concerns regarding the privilege log to the Auditor. On October 23, 2014, the hearing examiner

2

denied Friedel's motion to compel, noting that Friedel failed to object to the privilege log for over three months.

¶4 On October 14, 2014, Friedel filed another right-to-know request in the District Court, again asking for the information covered by the privilege log. On April 29, 2015, before the District Court ruled on Friedel's request, the Auditor waived privilege and sent Friedel the requested information. On October 29, 2015, Friedel requested attorney fees pursuant to § 2-3-221, MCA. The District Court denied Friedel's request, reasoning that Friedel "could have avoided the attorney fees incurred in the instant case by timely addressing the issue before the hearing examiner."

**STANDARD OF REVIEW**

¶5 Where legal authority exists to award attorney fees, we review a district court's decision to grant or deny the fees for an abuse of discretion. *Wohl v. City of Missoula*, 2013 MT 46, ¶ 29, 369 Mont. 108, 300 P.3d 1119. Abuse of discretion occurs when a district court acts "arbitrarily without employment of conscientious judgment or [exceeds] the bounds of reason resulting in substantial injustice." *Gaustad v. City of Columbus (In re Investigative Records of the City of Columbus Police Dep't)*, 272 Mont. 486, 488, 901 P.2d 565, 567 (1995) (citing *Goodman v. Goodman*, 222 Mont. 446, 448, 723 P.2d 219, 220 (1986)). We will not substitute our judgment for that of a district court unless that court "clearly abused its discretion." *Billings High Sch. Dist. No. 2 v. Billings Gazette*, 2006 MT 329, ¶ 23, 335 Mont. 94, 149 P.3d 565.

**DISCUSSION**

¶6    *Whether the District Court abused its discretion by denying Friedel's request for attorney fees.*

¶7    Section 2-3-221, MCA, provides that district courts *may* award attorney fees to plaintiffs who succeed in actions brought pursuant to Article II, Section 9 of the Montana Constitution. The plain language of this statute evinces that "an award of attorney's fees is discretionary." *Yellowstone Cnty. v. Billings Gazette*, 2006 MT 218, ¶ 30, 333 Mont. 390, 143 P.3d 135 (citing *Matter of Investigative Records*, 265 Mont. 379, 382, 877 P.2d 470, 472 (1994)). We have held that an abuse of that discretion occurs when a district court denies attorney fees without some rationale in support of its decision. *Shockley v. Cascade Cnty.*, 2016 MT 34, ¶ 8, 382 Mont. 209, 367 P.3d 336; *Yellowstone Cnty.*, ¶ 30; *Matter of Investigative Records*, 265 Mont. at 383, 877 P.2d at 472.

¶8    In this case, the District Court issued a fifteen-page memorandum in support of its decision denying Friedel's request for attorney fees. The District Court gave several reasons for its decision, including that Friedel took an unreasonable approach to resolving the discovery dispute. We find this reason to be a sufficient basis for our decision, and thus decline to address the District Court's other rationales. The District Court noted that Friedel had ample opportunity to follow up with the hearing examiner after the Auditor responded to its discovery request with the privilege log in July. Instead, Friedel took no action with respect to the privileged documents until it filed the motion to compel on October 8, over three months from the time it received the privilege log. Nor did Friedel

4

communicate with the Auditor about its dissatisfaction with the privilege log, missing another opportunity to resolve the issue without resorting to a right-to-know action.

¶9    We have previously upheld a district court's denial of attorney fees when the state or public entity has taken a reasonable approach to resolve a right-to-know matter. *Disability Rights Mont. v. State*, 2009 MT 100, ¶ 33, 350 Mont. 101, 207 P.3d 1092; *Billings High Sch.*, ¶ 28. Given the facts of this case, we cannot conclude that the District Court abused its discretion by denying Friedel's request for attorney fees.

## CONCLUSION

¶10   We affirm the District Court's order denying Friedel's request for attorney fees.


/S/ JAMES JEREMIAH SHEA


We concur:

/S/ MIKE McGRATH
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JIM RICE