FILED

09/05/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0069

DA 17-0069

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 218

HERMAN L. FOX,

      Plaintiff and Appellant,

    v.

BHCC II, INC., a Montana Corporation,
doing business as THE BILLINGS HOTEL
& CONVENTION CENTER,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 15-1678
Honorable Michael G. Moses, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Benjamin J. LaBeau, LaBeau Law Firm, PC, Billings, Montana

      For Appellee:

          Jon E. Doak, Doak & Associates, PC, Billings, Montana

Submitted on Briefs:  June 21, 2017

Decided:  September 5, 2017

Filed:

                            Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Herman Fox filed a complaint against the Billings Hotel & Convention Center (BHCC or Hotel) in December 2015 alleging that BHCC was interfering with his right to distribute irrigation water and maintain the irrigation ditch to which he holds senior rights.  Following a non-jury trial in August 2016, the District Court ruled that while Fox has existing and historical ditch and water rights across BHCC's property, as well as an established secondary easement, BHCC was not unreasonably infringing on Fox's easement rights.  The court determined that Fox shall have access to the easement property to inspect the easement but BHCC will continue to be responsible for using reasonable efforts to maintain the ditch located on its property.  The court further concluded that Fox was not entitled to damages.  It awarded BHCC reasonable attorney's fees and costs.  Fox appeals.  We affirm.

## ISSUES

¶2     A restatement of the issues on appeal is:

¶3     Did the District Court err when it determined that BHCC did not unreasonably interfere with Fox's secondary ditch easement by planting and maintaining trees and shrubs along the ditch?

¶4     Did the District Court err by imposing a duty on BHCC to clean and maintain the ditch on its property?

¶5     Did the District Court err by awarding costs and fees to BHCC?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6      This case arises over rights and obligations associated with an irrigation ditch in Yellowstone County known as Hogan's Slough/Canyon Creek.  Easement rights to Hogan's Slough were established in 1905.  Since 1927, the Fox family, including Herman Fox currently, has held the easement and has diverted water from the Yellowstone River through Hogan's Slough to the family's farmland.

¶7      In the early 1970s, two hotel complexes were constructed adjacent to Hogan's Slough—the Billings Hotel (formerly Ramada Inn) is located south of the slough and a Radisson Inn (formerly Holiday Inn) is located to the north.  In 1999, BHCC acquired the existing hotel located on the south side of the slough with its accompanying approximate twelve acres of land.  At the time of BHCC's acquisition, two footbridges, multiple mature and immature cottonwood and spruce trees, numerous utility boxes and power poles, and a picnic table were located within ten feet of the center line of the ditch.  Over time, the existing fifty-foot cottonwood trees required pruning.  The utility company undertook the task in 2011.  However, after pruning the trees were no longer stable and had to be removed by the utility company.  In 2012, BHCC replaced the downed trees with multiple small spruce trees and expanded the landscaped area with additional trees and shrubs.

¶8      In 2012, Fox contacted BHCC asserting that BHCC was encroaching upon his easement.  He claimed he could no longer access the ditch with his ditch maintenance equipment because the trees and shrubs blocked access.  He demanded removal of all

3

trees, footbridges, and other improvements within fifteen feet of the center line of the ditch.

¶9      In December 2015, after the parties could not reach agreement, Fox filed his complaint against BHCC in the Thirteenth Judicial District Court, Yellowstone County. He asserted BHCC, through tree and shrub planting, was interfering in his right to distribute irrigation water and maintain the irrigation ditch. He further claimed the foliage sheds limbs, leaves, cones, and other detritus into the ditch disrupting the flow of water as well as the operation of his irrigation piping and equipment. Lastly, he complained that BHCC placed decorative items and seating in the easement area thereby encouraging hotel patrons to use the easement leading to further debris.

¶10     In July 2016, BHCC made an offer of settlement which, among other things, acknowledged Fox's ownership of the easement and his right to access the property for inspection, repair, and maintenance purposes. BHCC proposed Fox provide it with forty-eight hours' notice of his intent to perform maintenance. The offer also required that Fox not damage or destroy the existing foliage, parking lots, footbridges, and the utility and landscaping elements as he had threatened to do earlier in the litigation. The Hotel pledged to use reasonable efforts to keep the ditch free from trash, debris, and foliage detritus, and to control the weeds on its side of the slough. The offer assured Fox that nothing therein superseded his rights or those of his heirs, successors, or assigns. BHCC offered to pay Fox $1,008.75 to reimburse him for his court filing fee and his share of the mediator's fees. Fox did not respond to the offer.

4

¶11 On August 22, 2016, the District Court conducted a non-jury trial at which Fox testified as did three witnesses with long-term relationships with the property and BHCC. One of the BHCC witnesses is the owner of the Billings Hotel. He testified that since 1999 BHCC has performed regular maintenance of its side of the ditch, including, but not limited to, necessary tree removal and replacement, debris cleanup, and mowing and weeding the ditch bank. This was done to ensure the operation of the irrigation ditch as well as to render the easement safe and aesthetically pleasing to its patrons.

¶12 Another BHCC witness, the current director of sales for BHCC, testified that she has been associated with the Hotel in some capacity since shortly after its construction, with a few hiatuses, one of which was when she was the general manager for the adjacent Holiday Inn. She was very familiar with Hogan's Slough and the maintenance work both hotels have performed on the ditch. She testified that the Holiday Inn hired students or used its maintenance personnel to mow and weed its side of the ditch.

¶13 The last BHCC witness is the current general manager of the Billings Hotel who has worked for the Hotel since 2008 and oversees all departments including the maintenance staff. Additionally, he resided at the Hotel for a period of five years. He testified that he regularly walked the property in the evenings while living in the Hotel and noted the maintenance accomplishments or needs on the property. He further testified to the regular actions taken by the maintenance staff to keep the slough running smoothly and the surrounding property aesthetically pleasing. All three BHCC witnesses testified that neither they nor their staffs ever saw Fox or anyone acting on behalf of Fox clean or maintain the slough.

5

¶14    The District Court reviewed the multiple land transfers of the property through the decades as well as the various title policies and determined, in its October 2016 Findings of Fact and Conclusions of Law and its January 2017 Judgment, that "Fox has an existing and historical ditch right and water right across the BHCC Property which benefit the farmland Fox owns and farms."  The court further concluded that Fox has a secondary easement that, under § 70-17-122, MCA, BHCC may not encroach upon or impair; nor may BHCC "unreasonably interfere" with Fox's easement rights.  *Engel v. Gampp*, 2000 MT 17, 298 Mont. 116, 993 P.2d 701.  The District Court, after visiting the site to view the slough and the adjacent property, observed that the current spruce trees and shrubbery are causing access problems for Fox and will continue to do so in the future.

¶15    However, the court also recognized the "benefit of excellent maintenance of the ditch" by BHCC.  It recited the numerous and regular actions BHCC takes to maintain the ditch and specifically noted that in 2016 BHCC undertook—at its own expense—to remove an old and unnecessary culvert and to dredge a portion of the ditch that had become unsightly.  Based upon BHCC's consistent maintenance activities, the court accepted the Hotel's "judicial admission and tender" that it, its successors, and assigns "shall use reasonable efforts" to keep trash and debris from being discarded into the portion of Fox's irrigation ditch that traverses BHCC property.  The court imposed this admission by BHCC as a duty "to continue to clean and maintain the ditch located on BHCC property."  The District Court expressly held that failure to comply with this duty would constitute unreasonable interference with Fox's rights.

6

¶16 The District Court ruled that Fox failed to prove that BHCC unreasonably interfered with is secondary easement; consequently, Fox was not entitled to damages. The court noted that BHCC had made an offer of settlement to which Fox did not respond. Relying on § 25-7-105, MCA, the court held that the offer of settlement to Fox was more favorable than the court's ruling; therefore, BHCC was entitled to recover attorney's fees and reasonable costs.

¶17 Fox appeals the District Court's rulings.

## STANDARD OF REVIEW

¶18 We review a district court's findings of fact to determine if they are clearly erroneous. A finding is clearly erroneous if it is not supported by substantial credible evidence, if the district court misapprehended the effect of the evidence, or if we have a definite and firm conviction that the district court made a mistake. *Public Lands Access Ass'n v. Bd. of Cty. Comm'rs*, 2014 MT 10, ¶ 14, 373 Mont. 277, 321 P.3d 38.

¶19 We review a district court's conclusions of law for correctness. *Kurtzenacker v. Davis Surveying, Inc.*, 2012 MT 105, ¶ 14, 365 Mont. 71, 278 P.3d 1002.

¶20 We review an award of attorney's fees to determine whether legal authority exists to award fees. *Friedel, LLC v. Lindeen*, 2017 MT 65, ¶ 5, 387 Mont. 102, 392 P.3d 141. If such authority exists, we review the award of attorney's fees for abuse of discretion. A district court abuses its discretion when it acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason resulting in substantial injustice. *Boyne USA, Inc. v. Spanish Peaks Dev., LLC*, 2013 MT 1, ¶ 30, 368 Mont. 143, 292 P.3d 432.

DISCUSSION

¶21 *Did the District Court err when it determined that BHCC did not unreasonably interfere with Fox's secondary ditch easement by planting and maintaining trees and shrubs along the ditch?*

¶22 Fox argues on appeal that the District Court erred in allowing BHCC's foliage to remain within the easement area when such foliage prevents Fox from accessing his irrigation ditch for maintenance purposes. He claims the District Court incorrectly determined that BHCC did not unreasonably interfere with his ditch rights, which include access for maintenance.

¶23 BHCC argues that the District Court correctly reached this conclusion. The Hotel asserts that Fox's claim for a fifteen-foot-wide easement from the center of the ditch to allow him to conveniently access the ditch with a spray boom was correctly rejected as Fox had been unable to do so for more than twenty-five years, as he was blocked by pre-1999 trees, utilities, and footbridges.

¶24 The District Court heard considerable evidence pertaining to the maintenance activities of both parties as well as the adjacent Holiday Inn. It also heard conflicting evidence as to the last time Fox accessed the property for maintenance purposes. Fox asserted that he cleans and sprays the ditch for weeds annually in April or May but for several years has been doing so from the Holiday Inn side of the slough. He testified that he had not accessed the property from the Billings Hotel side with his heavy maintenance equipment since 2011. The Hotel personnel claimed that it had an almost-constant presence on the property and had not seen anyone spray or clean the ditch, other than its staff, since 1999 when the Hotel acquired the property. The District Court found that Fox

last used his farm equipment to maintain the ditch from the BHCC property in April 2011.

¶25 As noted above, the District Court concluded unequivocally that Fox has existing and historical ditch and water rights across the Hotel's Property. The court continued that under applicable law, "BHCC, as the servient tenement . . . cannot unreasonably interfere with Fox's rights by planting excess foliage. The current spruce trees and shrubbery do cause access problems and will continue to do so in the future."

¶26 While acknowledging that the existence of the trees and shrubs cause access problems to Fox, the District Court nonetheless concluded that the continued existence of the foliage did not constitute an "unreasonable interference" with Fox's secondary easement. The court based its conclusion upon BHCC's "excellent maintenance" of the ditch, including the Hotel's undertaking of significant maintenance activities such as culvert removal and ditch dredging at its own expense. The court further found that BHCC utilized appropriately-sized equipment to clean and maintain the ditch, and that, as a result of BHCC maintenance efforts, the ditch flowed without obstruction in 2016 as it has done since the Hotel's property acquisition in 1999.

¶27 It is well established that the owner of the servient tenement—in this case, BHCC—may make use of the land in any lawful manner that he or she chooses, provided that such use is not inconsistent with and does not interfere with the use and right reserved to the dominant tenement or estate—in this case, Fox. *Cravath v. Ellingson*, 2005 MT 289, ¶ 15, 329 Mont. 280, 124 P.3d 141. Moreover, Fox's rights in BHCC's land must be balanced with BHCC's own rights as the owner of the property; we have

9

held that "secondary easement rights must be exercised 'in such a reasonable manner as not to needlessly increase the burden upon' or do 'unnecessary injury to' the servient estate." *Musselshell Ranch Co. v. Seidel-Joukova*, 2011 MT 217, ¶ 18, 362 Mont. 1, 261 P.3d 570. In *Musselshell*, we observed that whether interference is reasonable depends on the factual circumstances of each particular case and is a question of fact. *Musselshell*, ¶ 19. We further stated that what may be considered reasonable is determined in light of the situation of the property and the surrounding circumstances. *Musselshell*, ¶ 20.

¶28 In the case before us, BHCC owns the property upon which the Billings Hotel resides. As a commercial establishment, BHCC must maintain the property in a manner consistent with its business objective. In its attempt to make the property, with an irrigation ditch running through it, visually appealing and safe for its patrons, it planted shrubs and trees. This foliage was in addition to (or replacements of) other foliage, bridges, and utility fixtures installed in the easement area by BHCC's predecessors and utility companies. Whether BHCC's planting and beautification activities on its property have disrupted Fox's large machine access for maintenance purposes is disputed. Fox testified that his equipment is blocked by the foliage but he also testified that he has not attempted to access the ditch with his equipment from the Hotel side of the property since 2011. Hotel witnesses testified they have not seen Fox access the ditch since BHCC purchased the property in 1999. Nonetheless, Fox believes his maintenance equipment will not fit between the trees while it is undisputed the ditch remains accessible through use of smaller maintenance equipment. Moreover, the ditch has been sufficiently, if not

10

"excellently," maintained since 1999 when the Hotel acquired the property. Fox's sole purpose for accessing BHCC's property is to inspect, repair and/or maintain his irrigation ditch. Nothing BHCC (or its predecessors) has done in the easement area restricts or inhibits Fox's right to access for inspection purposes. And while Fox may no longer utilize his large farm equipment to maintain the ditch, adequate, or better-than-adequate, maintenance is regularly performed.

¶29 For these reasons, we conclude the District Court did not err in determining that under the facts of this case BHCC did not unreasonably interfere with Fox's established water and easement rights.

¶30 *Did the District Court err by imposing a duty on BHCC to clean and maintain the ditch on its property?*

¶31 Fox maintains on appeal that the District Court abused its discretion when it erroneously imposed the duty to maintain the ditch onto BHCC rather than ordering the trees and shrubs be removed.

¶32 The Hotel counters that the District Court did not err in accepting BHCC's offer on the record to continue maintaining the ditch as it had since it purchased the property. It argued that the court's ruling does not deprive Fox of any access to the ditch for inspection purposes but ameliorates the continuing and growing friction between the parties and assures Fox's ditch is consistently maintained.

¶33 As discussed above, BHCC, its predecessors, and the utility company's use of the easement area over the last several years may have resulted in the inability of Fox to use his large farming equipment to access the ditch and maintain his easement. The ditch

11

and easement are still accessible using smaller maintenance equipment. BHCC established that it has willingly taken on the obligation to maintain Fox's irrigation ditch since 1999 and agrees to continue doing so. This arrangement provides Fox with on-site maintenance and upkeep without Fox needing to acquire newer and smaller equipment. Additionally, Fox is allowed access for inspection purposes. The District Court's adoption of this arrangement does not deprive Fox of any access to or control over the slough. It merely imposes a legal duty on BHCC to maintain the property in a manner that provides Fox with the benefit of his easement rights and allows them to maintain an aesthetically pleasing and safe environment for their patrons. Should BHCC fail in its duty to reasonably maintain Hogan's Slough on behalf of Fox, it can be held liable for damages and costs of repairs.

¶34    The District Court fashioned a unique, workable, and equitable solution for both parties under these facts and circumstances. We conclude the court's factual findings are not erroneous, its conclusions of law are correct, and it did not abuse its discretion in accepting BHCC's judicial admission and tender of its duty to clean and maintain Fox's irrigation ditch.

¶35    *Did the District Court err by awarding costs and fees to BHCC?*

¶36    Relying on § 25-7-105, MCA, the District Court awarded reasonable attorney's fees and costs amounting to $13,345.53 to BHCC. Fox objects.

¶37    Section 25-7-105, MCA, provides, in relevant part:

> (1) At any time more than 60 days after service of the complaint and more than 30 days before the trial begins, any party may serve upon the adverse party a written offer to settle a claim for the money or property or to the

12

effect specified in the offer. If within 10 days after the service of the offer, the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service of the offer and notice of acceptance with the clerk of court and the court shall enter judgment. An offer not accepted is considered withdrawn and evidence of the offer is not admissible except in a proceeding to determine costs. If the final judgment is less favorable to the offeree than the offer, the offeree shall pay the costs incurred by the offeror after the offer was made. The fact that an offer is made but not accepted does not preclude a subsequent offer.

. . .

(3) For the purposes of this section, costs include reasonable attorney fees.

¶38 The District Court recognized that BHCC made, and Fox did not respond to, an offer of settlement under § 25-7-105, MCA. The court concluded that because the court's ruling was less favorable to Fox than was BHCC's offer, under § 25-7-105(1), MCA, Fox is responsible for costs and reasonable attorney's fees accrued from the time BHCC made the offer of settlement until the conclusion of the matter. BHCC filed an affidavit of costs and fees and the parties stipulated to the amount of $13,345.53. The District Court's interpretation and application of the statute is not incorrect.

¶39 Lastly, Fox relies upon § 70-17-112, MCA, which prohibits interference with a canal or ditch easement. Section 70-17-112(5), MCA, awards costs and reasonable attorney's fees to the prevailing party in a legal action brought under this statute. The District Court did not rely on this statute in reaching its conclusion. Moreover, there are no cases in Montana that address the application of both statutes to the facts in a single case. In this case, however, as Fox was not the prevailing party, the outcome reached by the District Court would have been the same under either statute.

13

**CONCLUSION**

¶40    For the foregoing reasons, we affirm the District Court's conclusion that the BHCC did not unreasonably interfere with Fox's established water and easement rights and with its determination that BHCC has a duty to continue to maintain the irrigation ditch on its property. We also affirm the court's award of reasonable attorney's fees and costs to BHCC.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE