FILED

11/06/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0283

DA 23-0283

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 258N

IN RE THE MARRIAGE OF:

BRAXTON GREENLOW,

Petitioner and Appellee,

and

TARA LOSINSKI,

Respondent and Appellant.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Richland, Cause No. DR-19-14
Honorable Katherine M. Bidegaray, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

S. Chase Rosario, Malcom & Piers PLLC, Lewistown, Montana

For Appellee:

D. Michael Eakin, Attorney at Law, Billings, Montana

Submitted on Briefs:   July 10, 2024

Decided:   November 6, 2024

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Tara Losinski (Mother) appeals the denial of her motion to alter or amend, filed pursuant to M. R. Civ. P. 52(b) or, alternatively, M. R. Civ. P. 59(e). The order Mother appeals from was entered in the Seventh Judicial District Court, Richland County. She also appeals the award of attorney fees entered in favor of Braxton Greenlow (Father) for having to defend against the motion. Preliminarily, to say that the parties struggle in their relationship and communications regarding their children is an understatement.

¶3 The parties have two minor children, Z.D.G., born in October 2016; and Z.L.G., born in November 2017. Z.L.G. has autism and significant special needs. On May 1, 2020, the District Court entered a Decree of Dissolution and established a parenting plan that designated Mother as the primary caregiver with visitation for Father.

¶4 On July 20, 2020, Father filed his first petition for contempt alleging, among other allegations, that Mother refused to answer questions regarding medical appointments, their eating habits, and planned visitation times; withheld the children from him between March 8 to April 29; denied him summer parenting time; and ignored his calls to stay in communication with his children. On August 7, 2020, the District Court issued its first contempt citation, requiring Mother to spend 15 days in jail but giving her the opportunity

2

to purge her contempt by allowing Father four weeks of parenting time and provided she follow the parenting plan. Mother purged herself of this contempt.

¶5 On February 18, 2022, Father filed a second petition for contempt alleging, among other allegations, that Mother had stopped allowing him video communication with the children and limited his telephone calls with the children to the morning when he had to work. Following a hearing on March 13, 2022, the District Court issued a second contempt citation and required Mother to spend 30 days in jail but gave her the opportunity to purge her contempt if she followed the parenting plan. Mother purged her contempt by allowing Father four weeks plus one weekend of additional parenting time. The District Court also told Mother that "[i]f you continue to be contemptuous, it could be flipped so that he has the kids all the time." The District Court adopted an Amended Final Parenting Plan but kept Mother as the primary caregiver of the children.

¶6 On October 3, 2022, Father filed a third petition for contempt alleging, among other allegations, that Mother threw out an ultrasound picture of Father's unborn child that Z.D.G. had asked to take home; told Father she would hang up on his calls if Father brought up matters with his wife; failed to put Father on paperwork for Z.L.G.'s school; enrolled Z.D.G. in school without putting Father's name on contact information; refused to respond to text messages from Father asking what schools Mother had enrolled the children in; and put Mother's mother as an emergency contact for Z.D.G. instead of Father. On October 20, 2022, the District Court found Mother in contempt for violating the relevant provisions of

the parenting plan. She ordered Mother spend 30 days in jail but, again, allowed her to purge her contempt by following the parenting plan.

¶7 On January 11, 2023, Father filed his Motion to Amend Parenting Plan, asking to be made primary caregiver of the children. His reasons were that Mother had been held three times in contempt and, further, that he was seeking a fourth contempt for Mother's failure to follow the Parenting Plan since the last contempt. The District Court conducted a two-day hearing on Father's motion and interviewed both children outside the parents' presence. During the hearing, Father presented testimony from Michelle Monsen, Special Education Director for Sidney Public Schools; Kenneth McGlothlin, Occupational Therapist for Sidney Health Center; and Kim Beaner of the Developmental Educational Assistance Program (DEAP). Testimony was elicited regarding the services Z.L.G. could expect to receive if he were placed with Father. On February 24, 2023, the District Court issued its Findings of Fact, Conclusions of Law, and Order Adopting Amended Final Parenting Plan, which placed the children in Father's primary care. In its order, the District Court relied on the presumption in § 40-4-219(3), MCA, that a court "shall presume a parent is not acting in the child's best interest if the parent does any of the acts specified in [40-4-219](1)(a)(iv) . . . ," which includes "refus[ing] to allow the child to have any contact with the other parent" or "attempt[ing] to frustrate or deny contact with the child by the other parent." Sections 40-4-219(1)(a)(iv) and 40-4-219(3), MCA.

¶8 On March 24, 2023, Mother filed her Rule 52(b) or, alternatively, Rule 59(e) motion to alter or amend the District Court's judgment. Mother urged the court to "address the

4

potential impact of the change of the Court's new parenting plan on the best interest factors in 40-4-212 . . . ," specifically, the factor addressing continuity and stability of care and the developmental needs of Z.L.G. Mother maintained that Z.L.G. would receive less services for his special needs under the new parenting plan. Father filed his response contending that the relevant evidence of Z.L.G.'s special needs was before the court at the time it made its decision to amend the parenting plan. Father also asked for attorney fees as Mother's motion was "frivolous, vexatious, [and] based merely on speculation, unsupported by any evidence, and absent any genuine issue of material fact." The District Court denied Mother's motion on April 21, 2023, concluding that the assertion in her motion that Z.L.G. would receive less services "was not presented to the Court at the hearing and is not considered now." Additionally, the court ordered Mother pay Father's reasonable attorney fees for defending against the motion. On May 9, 2023, Mother filed a Notice of Intent with the District Court to pay the fees over objection. In her Notice, Mother indicated she would "pay the amount claimed by opposing counsel, over objection, on the basis that the services provided and available to the parties' son were addressed throughout the hearings in this matter."

¶9 Mother appeals and, restated, raises two issues: (1) whether the District Court erred in failing to adequately consider Z.L.G.'s special needs, and (2) whether the District Court erred in awarding Father fees for defending her motion.

¶10 M. R. Civ. P. 59(e) contemplates motions to alter or amend judgments in the interests of justice but specifies no particular grounds for relief. *Lee v. USAA Cas. Ins. Co.,*

2001 MT 59, ¶¶ 71–72, 304 Mont. 356, 22 P.3d 631. We have held, however, that Rule 59(e) relief is not available to relitigate previously litigated matters, reconsider arguments previously made, or raise new arguments "which could, and should, have been" previously made. *Lee*, ¶ 76 (citing *Nelson v. Driscoll*, 285 Mont. 355, 360–61, 948 P.2d 256, 259 (1997)). Rule 59(e) relief is available in the discretion of the court only in extraordinary circumstances such as to: (1) correct manifest errors of law or fact upon which the judgment was based; (2) raise newly discovered or previously unavailable evidence; (3) prevent manifest injustice resulting from, among other things, serious misconduct of counsel; or (4) bring to the court's attention an intervening change in controlling law. *Lee*, ¶ 75 (citing *Nelson*, 285 Mont. at 360, 948 P.2d at 259). The standard of review for a denial of a motion for Rule 59(e) relief is whether the district court abused its discretion. *Bevacqua v. Union Pac. R.R. Co.*, 1998 MT 120, ¶ 36, 289 Mont. 36, 960 P.2d 273. A motion to amend judgment made pursuant to Rule 52(b) is within the discretion of the district court. *Bevacqua*, ¶ 36. We review the court's grant or denial of a motion to amend for an abuse of discretion. *Bevacqua*, ¶ 36. We review an award of attorney fees to determine if there is legal authority to award fees. *Fox v. BHCC II*, 2017 MT, ¶ 20, 388 Mont. 443, 401 P.3d 705. If the court has authority to award fees, the decision to award fees is reviewed for an abuse of discretion. *Nat'l Cas. Co. v. Am. Bankers Ins. Co. of Fla.*, 2001 MT 28, ¶ 27, 304 Mont. 163, 19 P.3d 223.

¶11 Mother argues that the District Court misapprehended the nature of Z.L.G.'s autism. However, Mother recognizes the District Court was aware of Z.L.G.'s special needs and

Father presented several witnesses who specifically testified about Z.L.G.'s special needs and the recommended course of therapy. The District Court recognized the need for Z.L.G. to continue therapy and that Father had addressed Z.L.G.'s therapy needs. The District Court, understanding the need for Z.L.G. to remain in therapy, considered the availability of services in Miles City and Sidney, in conjunction with the other best interest factors, and determined that Father should be the primary care giver. We conclude the District Court did not abuse its discretion in refusing to hear more evidence on this issue. Mother's motion constituted nothing more than an attempt to relitigate previously litigated matters, reconsider arguments previously made, or raise new arguments which could, and should, have been previously made. There were no extraordinary circumstances which required the District Court to revisit its order. The District Court did not abuse its discretion in refusing to rehear and relitigate evidence addressing Z.L.G.'s special needs.

¶12 The District Court awarded attorney fees after it had previously found Mother in contempt three times. The proceeding where the court amended the parenting plan to make Father the primary caregiver was the fourth contempt citation. When it awarded attorney fees, the District Court cited the attorney fee statute in dissolution cases, § 40-4-110, MCA, rather than its authority under the provisions for amendment of a parenting plan and, more specifically, the provision for fees where the party has been vexatious and harassing: § 40-4-219(5), MCA. Here, Mother's motion was made immediately after the amended parenting plan was adopted by the court and following her citation for a fourth contempt.

7

We conclude, under these circumstances, the District Court had the authority under § 20-4-219(5), MCA, to award attorney fees.

¶13 This Court will affirm a district court when it reaches the correct decision even if the district court bases its decision on different grounds. *Bitterrooters for Plan., Inc. v. Montana Dep't of Env't Quality*, 2017 MT 222, ¶ 44, 388 Mont. 453, 401 P.3d 712. Here, there was ample basis for the District Court to award Father his fees in defending a motion to alter or amend the parenting plan given relevant evidence had been presented on that specific point during the hearing. Mother nonetheless maintained it needed to be reargued and considered. Mother, in her Notice of Intent, conceded that "the services provided and available to the parties' son were addressed throughout the hearings in this matter." Accordingly, we affirm the District Court's award of attorney fees to Father.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶15 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON