FILED

October 20 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0066

DA 15-0066

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 302

TANYA L. MLEKUSH,

        Plaintiff and Appellant,

   v.

FARMERS INSURANCE EXCHANGE,

        Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV-2013-57
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Rick Pyfer, Patrick T. Fox, Doubek, Pyfer & Fox, LLP; Helena, Montana

        For Appellee:

        Paul R. Haffeman, Derek J. Oestreicher, Davis, Hatley, Haffeman & Tighe, PC; Great Falls, Montana

        For *Amicus Curiae* Montana Trial Lawyers Association:

        John F. Lacey, McGarvey, Heberling, Sullivan & Lacey, PC; Kalispell, Montana

        For *Amicus Curiae* Montana Defense Trial Lawyers:

        Nicholas J. Pagnotta, Peter B. Ivins, Williams Law Firm, PC; Missoula, Montana

                         Submitted on Briefs: August 26, 2015
                               Decided: October 20, 2015

Filed:

                                     Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Tanya Mlekush appeals an order of the First Judicial District Court, Lewis and Clark County, denying her motion for attorney fees and nontaxable costs. We reverse and remand for further proceedings consistent with this opinion.

¶2     We address the following issue:

*Whether the District Court erred in determining that Mlekush could not recover attorney fees and litigation costs from Farmers Insurance Exchange.*

## PROCEDURAL AND FACTUAL BACKGROUND

¶3     On January 15, 2011, Mlekush was involved in a vehicle collision with another driver, Shaunagh McGoldrick. McGoldrick admitted liability for the accident and for Mlekush's resulting injuries, and Mlekush recovered McGoldrick's $50,000 insurance policy limit for bodily injuries.

¶4     At the time of the accident, Mlekush's vehicle was insured with Farmers Insurance Exchange (Farmers) under a policy that included underinsured motorist (UIM) coverage with a $200,000 policy limit. Mlekush executed a contingency fee agreement with Doubek, Pyfer & Fox, LLP (Mlekush's attorneys) to represent her on her UIM claim. On August 20, 2012, Mlekush's attorneys sent Farmers a letter of representation and asked Farmers to open a medical payments claim. Correspondence continued over the following months, and the parties exchanged information regarding Mlekush's ongoing medical treatment, including medical bills and reports, prior related injuries, and claims for lost wages.

¶5 On January 21, 2013, Farmers sent Mlekush's attorneys a letter requesting additional medical and wage-loss information and stating, "Please understand we are not denying any demands. We are merely requesting additional information which is necessary for all parties to fully evaluate this matter." On January 22, 2013, Mlekush's attorneys sent Farmers medical records and billing for surgeries Mlekush underwent in November 2012, along with an updated medical cost summary.

¶6 On January 24, 2013, Mlekush filed a complaint in the District Court, requesting "all sums due and owing" under her insurance policy with Farmers. On February 26, 2013, Farmers filed an answer admitting that McGoldrick was negligent but contending that it did not have sufficient information to determine the validity of Mlekush's claims. Farmers also filed a third-party complaint against McGoldrick seeking indemnification. The District Court eventually granted summary judgment to McGoldrick on Farmers' third-party claim against her, concluding: "Farmer[]s must seek its subrogation claim for the insured *in good faith*. By filing its third-party claim against a judgment-proof tortfeasor in the current action, Farmers unavoidably impairs and diminishes Mlekush's ability to recover her damages." (Emphasis in original.) Over the course of the next seventeen months, the parties exchanged several settlement offers, but the case did not settle. After a jury trial on July 7-9, 2014, the jury returned a verdict of $450,000 in favor of Mlekush. Mlekush stipulated to entry of judgment against Farmers for her UIM policy limit of $200,000.

¶7 On July 14, 2014, Mlekush filed a memorandum of costs seeking a total of $1,757.45. On July 21, 2014, Farmers moved to tax costs under § 25-10-502, MCA,

3

arguing that $996.45 of Mlekush's requested costs were not allowed under § 25-10-201, MCA. On August 1, 2014, Mlekush filed a motion for attorney fees and nontaxable costs. Mlekush sought attorney fees under the insurance exception to the American Rule, discussed below, and nontaxable costs totaling $10,439.30 minus the amount of costs deemed recoverable by the District Court in its pending resolution of Farmers' motion to tax costs. Farmers opposed Mlekush's motion. On January 12, 2015, the District Court issued an order denying Mlekush's motion for attorney fees and nontaxable costs and granting in part and denying in part Farmers' motion to tax costs. Relevant to the issue on appeal, the District Court concluded that the insurance exception did not apply to Mlekush's attorney fees and related costs.[1] Mlekush appeals the District Court's denial of her motion for attorney fees and nontaxable costs.

## STANDARDS OF REVIEW

¶8      The parties dispute the applicable standard of review. Mlekush argues that we should review the District Court's application of the law for correctness, while Farmers argues that the appropriate standard is whether the District Court abused its discretion. We review a district court's factual findings for clear error. *BNSF Ry. Co. v. Cringle*, 2012 MT 143, ¶ 16, 365 Mont. 304, 281 P.3d 203. A district court's determination whether legal authority exists for an award of attorney fees is a conclusion of law, which we review for correctness. *Nat'l Cas. Co. v. Am. Bankers Ins. Co.*, 2001 MT 28, ¶ 27, 304 Mont. 163, 19 P.3d 223. We apply de novo review to mixed questions of law and fact. *Cringle*, ¶ 16. Thus, although we review a district court's factual determinations for

_____

[1] Neither party appeals the District Court's ruling on Farmers' motion to tax costs.

clear error, "whether those facts satisfy the legal standard is reviewed de novo." *Cringle,* ¶ 16 (citations omitted). This bifurcated standard of review "affords appropriate deference to the trial court's fact-finding role and responsibility, while providing this Court with the opportunity to review legal conclusions and the application of legal standards de novo." *Cringle,* ¶ 16 (quoting *State v. Kaufman,* 2002 MT 294, ¶ 12, 313 Mont. 1, 59 P.3d 1166).

## DISCUSSION

¶9 *Whether the District Court erred in determining that Mlekush could not recover attorney fees and litigation costs from Farmers Insurance Exchange.*

¶10 Montana generally follows the American Rule regarding attorney fees, "where each party is ordinarily required to bear his or her own expenses absent a contractual or statutory provision to the contrary." *Winter v. State Farm Mut. Auto. Ins. Co.,* 2014 MT 168, ¶ 31, 375 Mont. 351, 328 P.3d 665. However, we recognize several narrow exceptions to this rule. *Winter,* ¶ 31 (citing *Mont. W. Farm Bureau Mut. Ins. Co. v. Brewer,* 2003 MT 98, ¶ 14, 315 Mont. 231, 69 P.3d 652). Mlekush sought attorney fees under the "insurance exception," which entitles an insured to recover attorney fees "when the insurer forces the insured to assume the burden of legal action to obtain the full benefit of the insurance contract." *Winter,* ¶ 31 (citing *Brewer,* ¶ 36). The District Court held that the insurance exception did not apply in this case because it concluded:

> Farmers did not deny UIM coverage to Mlekush, who was not forced to assume the burden of legal action. Mlekush opted to initiate legal action before the evidence relating to her UIM claim was sufficiently developed for Farmers to settle the claim.

5

Mlekush appeals, arguing that Farmers forced her to proceed through discovery and a jury trial to obtain her policy limit.

¶11 The District Court held that the insurance exception did not apply in this case because it determined Mlekush *initiated* legal action prematurely and, therefore, was not "forced to assume the burden of legal action." However, legal action does not begin and end with the filing of a complaint; it includes all stages of litigation until the insured has obtained the "full benefit of the insurance contract." *Winter*, ¶ 31; *Brewer*, ¶ 36. *See also Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1007 (9th Cir. 2009) ("State Farm unequivocally denied further liability to Riordan, and only settled with Riordan on the eve of trial. Riordan was forced to litigate to obtain the full benefit of his contract with State Farm."); *Estate of Gleason v. Cent. United Life Ins. Co.*, 2015 MT 140, ¶¶ 6, 10, 82, 379 Mont. 219, 350 P.3d 349 (holding that an insured was forced to assume the burden of legal action to recover the full benefit of the insurance contract even though the insurer submitted several payments before and during litigation). Consistent with our precedent, a district court must consider the entirety of the litigation in determining whether, and to what extent, an insured was forced to assume the burden of legal action in order to recover the full benefit of the insurance contract.[2]

¶12 Mlekush filed her complaint in January 2013. Farmers answered on February 26, 2013, admitting that McGoldrick was negligent and acknowledging Mlekush's potential

---

[2] Amicus Montana Defense Trial Lawyers contends that the insurance exception is limited to cases in which the insurer breaches its duty to defend or indemnify. We decline to consider this argument because neither Mlekush nor Farmers raised it on appeal. *See Reichert v. State*, 2012 MT 111, ¶ 25, 365 Mont. 92, 278 P.3d 455 ("This Court has long held . . . that amici curiae cannot raise separate issues not raised by the parties.").

entitlement to UIM benefits. The jury returned its verdict approximately seventeen months later, in July 2014. During that seventeen-month period, Mlekush continued to receive medical treatment for her injuries, including additional surgery, and incurred wage loss from missed time from work. The District Court noted that, as Farmers continued to collect additional information, it extended increasing settlement offers to Mlekush. In denying Mlekush's motion for attorney fees, however, the District Court did not consider—and the record does not reflect—information such as the amounts of the settlement offers, when they were made during the course of the litigation, whether they required a full and final release, what Mlekush's responses to the offers were, and what relationship, if any, the increasing settlement offers bore to Mlekush's increasing economic damages. The record also does not reflect whether Mlekush made demands for advance payments or requested partial payments during the pendency of the litigation which were denied. In her brief on appeal, Mlekush repeatedly references Farmers' October 7, 2013 offer of judgment for $60,000; this, likewise, is not in the record. The record was not developed below, and the District Court did not consider these factors because it found dispositive the facts that Farmers did not deny Mlekush's UIM coverage and Mlekush filed her complaint before the evidence was sufficiently developed. If that was all the analysis required, the District Court's conclusion would be correct. Determining whether an insured was forced to assume the burden of legal action to obtain the full benefit of the insurance contract, however, requires more than focusing on one static point in the litigation process.

¶13 An insurer who rejects a policy limits demand when the evidence as it exists at the time indicates only nominal damages may fairly contend that it did not force the insured to assume the burden of legal action. However, this action does not automatically foreclose the possibility of a contrary conclusion if the insurer rejects a similar demand after subsequent evidence is developed to support the demand. The problem with this case is that the record does not allow for either conclusion. All we know from the record before us is that, during the course of the litigation process, demands of an unknown amount were responded to by offers of an unknown amount, and a $60,000 offer of judgment apparently was drafted but never filed. Accordingly, further proceedings are necessary to determine whether Farmers forced Mlekush to assume the burden of legal action to obtain the full benefit of her insurance policy. We therefore remand this issue to the District Court to consider, after giving the parties an opportunity to further develop the record, whether Farmers forced Mlekush to assume the burden of legal action. The determination of whether an insured is entitled to attorney fees under the insurance exception, though a matter of law, necessitates factual findings that take into consideration both parties' actions during the entire process leading up to the ultimate resolution of the claim. The District Court's conclusion as to whether the exception applies must then be based on these factual findings.

## CONCLUSION

¶14 We reverse the District Court's order denying Mlekush's motion for attorney fees and taxable costs. The District Court incorrectly interpreted Montana law when it relied on only the circumstances surrounding the filing of Mlekush's complaint to conclude that

8

Mlekush did not meet the insurance exception.  We remand to the District Court for further proceedings to determine whether Farmers forced Mlekush to assume the burden of legal action to obtain the full benefit of her UIM policy, thus entitling her to attorney fees under the insurance exception.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JIM RICE