FILED

10/24/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0670

DA 16-0670

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 256

TANYA L. MLEKUSH,

      Plaintiff and Appellant,

  v.

FARMERS INSURANCE EXCHANGE,

      Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
                In and For the County of Lewis And Clark, Cause No. ADV-2013-57
                Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Rick J. Pyfer, Patrick T. Fox (argued), Doubek, Pyfer & Fox, PC,
          Helena, Montana

      For Appellee:

          Paul R. Haffeman (argued), Davis, Hatley, Haffeman & Tighe, P.C.,
          Great Falls, Montana

      For Amicus Montana Trial Lawyers Association:

          Justin P. Stalpes, Beck, Amsden & Stalpes, PLLC, Bozeman, Montana

      For Amicus Montana Defense Trial Lawyers:

          Nicholas J. Pagnotta (argued), Peter B. Ivins, Williams Law Firm, P.C.,
          Missoula, Montana

Argued and Submitted: July 26, 2017
Decided: October 24, 2017

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      This appeal arises from a November 3, 2016 District Court order denying a motion for attorney fees.

¶2      We restate the sole issue on appeal as follows:

*Whether an injured first-party insured who is compelled to sue for UIM benefits and recovers more at trial than the last insurance company offer is entitled to recover his or her attorney fees.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3      On January 15, 2011, Tanya L. Mlekush (Mlekush) was injured in a two-vehicle collision.  At the time, Farmers Insurance Exchange (Farmers) insured Mlekush under a policy that provided underinsured motorist (UIM) coverage.  After the accident, Mlekush retained counsel.

¶4      On January 22, 2011, Farmers sent Mlekush a letter regarding the collision and her options for repair of her vehicle.  In August 2012, the other driver admitted liability and tendered the liability insurance policy limits of $50,000.  On October 2, 2012, Mlekush's counsel sent Farmers a letter requesting a UIM claim be opened and to have the assigned adjuster contact counsel.  Farmers and Mlekush exchanged information regarding Mlekush's claim and medical expenses over the next few months.

¶5      In January 2013, Farmers had not yet made a determination regarding Mlekush's claim.  Farmers sent Mlekush a letter informing her that it needed more information regarding her claimed injuries because "at this time it is not clear if the [injuries] are causally/directly related to the accident in question."

3

¶6	On January 24, 2013, Mlekush filed a complaint in District Court for "all sums due and owing" from Farmers. Mlekush stated her reason for initiating litigation at this point was that Farmers questioned causation on a clear medical record and denied advance payment of surgical costs. For the next seventeen months, the parties exchanged settlement offers, requests for advanced payment for medical procedures, and additional medical information.

¶7	On June 26, 2013, Farmers offered Mlekush $18,831.25 to settle her claim; however, Farmers suggested it might be too early to settle because Mlekush's medical condition had not stabilized. The letter did not specify if acceptance required a full and final release of Farmers based on this claim. Mlekush responded by demanding her UIM policy limits. Farmers denied Mlekush's demand. Mlekush agreed to mediation. Mediation occurred on September 27, 2013, but was unsuccessful.

¶8	On October 7, 2013, Farmers offered Mlekush $60,000 to settle her claim and informed her that if she did not accept this offer Farmers would seek attorney fees after it won at trial due to Mlekush's refusal to accept. Mlekush counteroffered for $187,500. Farmers refused the offer. The parties continued to exchange information. On March 18, 2014, Farmers offered Mlekush $75,000 to settle the claim; Mlekush refused and demanded her UIM policy limits. Farmers refused the offer. On July 1, 2014, Farmers extended its final offer of $77,500 to settle the claim.

¶9	A jury trial took place July 7-9, 2014. All information and documentation concerning Mlekush's injuries that had been provided to Farmers was admitted into

4

evidence at trial. The jury returned a verdict of $450,000 in favor of Mlekush. Judgement was entered for the policy limit amount of $200,000.

¶10 Mlekush then filed a memorandum of costs and a motion for attorney fees and nontaxable costs under the insurance exception to the American Rule. On January 12, 2015, the District Court denied Mlekush's motion for attorney fees, finding the insurance exception did not apply to Mlekush's claim because Mlekush initiated the action prematurely; she was therefore not "forced to assume the burden of legal action." Mlekush appealed.

¶11 This Court in *Mlekush v. Farmers Ins. Exch.*, 2015 MT 302, 381 Mont. 292, 358 P.3d 913, concluded that the District Court's exclusive reliance on when Mlekush initiated her action was error; "the determination of whether an insured is entitled to attorney fees under the insurance exception, though a matter of law, necessitates factual findings that take into consideration both parties' actions during the entire process leading up to the ultimate resolution of the claim." *Mlekush*, ¶ 13. This Court remanded the issue to the District Court for development of the factual record to determine if Mlekush was entitled to attorney fees because Farmers forced her to assume the burden of legal action to obtain the full benefit of her UIM policy.

¶12 The parties then filed a joint statement of undisputed facts and presented arguments on August 19, 2016. On November 3, 2016, the District Court denied Mlekush's motion for attorney fees. The District Court found that an exception to the American Rule does not apply to disputes over the value of an insurance claim, that Farmers did not deny her claim, and that Farmers' conduct during the claim investigation

5

and in negotiations was in good faith and reasonable. Mlekush appeals. This Court heard oral argument on July 26, 2017.

## STANDARD OF REVIEW

¶13 A district court's determination whether legal authority exists for an award of attorney fees is a conclusion of law, which we review for correctness. *Mlekush v. Farmers Ins. Exch.*, 2015 MT 302, ¶ 8, 381 Mont. 292, 358 P.3d 913. We apply de novo review to mixed questions of law and fact. *Mlekush*, ¶ 8. Thus, although we review a district court's factual determinations for clear error, whether those facts satisfy the legal standard is reviewed de novo. *Mlekush*, ¶ 8. This bifurcated standard of review "affords appropriate deference to the trial court's fact-finding role and responsibility, while providing this Court with the opportunity to review legal conclusions and the application of legal standards de novo." *Mlekush*, ¶ 8 (quoting *State v. Kaufman*, 2002 MT 294, ¶ 12, 313 Mont. 1, 59 P.3d 1166).

## DISCUSSION

¶14 *Whether an injured first-party insured who is compelled to sue for UIM benefits and recovers more at trial than the last insurance company offer is entitled to recover his or her attorney fees.*

¶15 Montana follows the American Rule regarding attorney fees: each party is ordinarily required to bear his or her own expenses absent a contractual or statutory provision to the contrary. *Mt. W. Farm Bureau Mut. Ins. Co. v. Brewer*, 2003 MT 98, ¶ 14, 315 Mont. 231, 69 P.3d 652. However, this Court recognizes several equitable exceptions to this rule, including in the area of insurance. *Winter v. State Farm Mut. Auto. Ins. Co.*, 2014 MT 168, ¶ 31, 375 Mont. 351, 328 P.3d 665.

6

¶16 This Court has determined that an exception exists where a first-party insured has incurred attorney fees based on an insurer's breach of the duty to defend. *See Goodover v. Lindey's Inc.*, 255 Mont. 430, 448, 843 P.2d 765, 776 (1992); *Truck Ins. Exchange v. Woldstad*, 212 Mont. 418, 423, 687 P.2d 1022, 1025 (1984); *Lindsay Drilling v. U.S. Fidelity & Guar.*, 208 Mont. 91, 97, 676 P.2d 203, 206 (1984); *Home Ins. Co. v. Pinski Brothers, Inc.*, 160 Mont. 219, 500 P.2d 945 (1972).

¶17 In *Brewer*, we expanded the exception to include cases when the insurer disputed coverage and the first-party insured incurred attorney fees litigating the dispute and was successful in proving coverage existed. After reviewing case law from other jurisdictions, the Court in *Brewer* reasoned as follows:

> We find the above cited authority compelling to hold an insurer liable for attorney fees when the insurer breaches its duty to indemnify. We decline to further propagate the arbitrary legal fiction that a substantive distinction exists between a breach of the duty to defend and the breach of the duty to indemnify. It seems inherently inconsistent that courts universally afford attorney fees incurred to establish a contested duty to defend and yet, simultaneously, reject such an award incurred in coverage disputes brought to preserve or eviscerate the obligatory defense. As Appleman indicates, this notion appears nothing more than an a [sic] mere exercise in semantics. Accordingly, *we hold that an insured is entitled to recover attorney fees, pursuant to the insurance exception to the American Rule, when the insurer forces the insured to assume the burden of legal action to obtain the full benefit of the insurance contract, regardless of whether the insurer's duty to defend is at issue.*

*Brewer*, ¶ 36 (emphasis added).

¶18 Faced with facts similar to this case, the United States District Court for the District of Montana in *Riordan v. State Farm Mut. Auto. Ins. Co.*, adopted the reasoning in *Brewer* to hold that "the insurance exception to the American Rule applies to a

first-party claim for UIM benefits" when the first-party insured is compelled to commence legal action to obtain bargained-for UIM benefits. *Riordan v. State Farm Mut. Auto. Ins. Co.*, 2008 U.S. Dist. LEXIS 47734, *17, 2008 WL 2512023 (D. Mont. June 20, 2008). The court in *Riordan* rejected a narrow reading of *Brewer*, as advocated by the insurer, when it stated:

> [T]he [*Brewer*] Court made clear that whenever an insurer forces its insured to assume the burden of litigation to obtain what the insured is entitled to under an insurance contract, the insured is entitled to recover attorney fees. The Court forcefully declared that it will not embrace any "arbitrary legal fiction" that would allow an insurer to evade paying attorney fees, when the insurer has forced the insured to assume the burden of litigation. The language of paragraph 36 leaves no room for State Farm to suggest that a "substantive distinction" exists between a first-party insured seeking to recover UIM benefits from a first-party insured seeking indemnification under a liability policy. State Farm's argument to the contrary is "nothing more than a mere exercise in semantics."

*Riordan*, *11-12 (citing *Brewer*, ¶ 36).

¶19 Mlekush argues that the insurance exception to the American Rule for attorney fees applies in her case as well, because if she had not initiated litigation and proceeded to a jury trial, she would not have received the full value of her UIM insurance coverage. Farmers argues, just as State Farm did in *Riordan*, the insurance exception has not been extended to cases where the value of an underinsured motorist claim is in dispute but insurance coverage is not disputed. Farmers urges this Court to uphold the District Court's decision. We decline to do so.

¶20 A contract of insurance is one of adhesion, created by the insurance company and offered to the consumer on a "take it or leave it" basis. *Modroo v. Nationwide Mut. Fire Ins. Co.*, 2008 MT 275, ¶ 61, 345 Mont. 262, 191 P.3d 389. The insurance company has

8

all the bargaining power and the consumer has no ability to bargain for better rates or coverage. *Modroo*, ¶ 61. However, insurance contracts are a necessary commodity for consumers seeking personal liability and injury protection. Thus, when a first-party insured buys insurance, like UIM protective coverage in this case, he or she does so with the reasonable expectation that they will be treated fairly and will not have to resort to expensive, time-consuming litigation in order to recover what they are rightfully entitled to under the terms of their insurance policy. *Brewer*, ¶ 33. But, when they are compelled to sue for their benefits and they recover more at trial than was offered by the insurance company, they are entitled to recover their attorney fees.

¶21 Farmers argues that a legitimate dispute about value of a UIM claim should not penalize the insurer with threat of attorney fees. But the Insurance exception is not a bad faith concept; it simply recognizes that the insured should not bear the expense when she has to resort to litigation in order to recover the benefits for which the insured has contracted and paid premiums. *Brewer*, ¶ 36. Further, Farmers' suggestion that the trial court conduct a post-judgment "objective view" of the entire case to determine whether the Insurance exception applies inevitably would result—as it did here—in another round of legal proceedings. Such a review, in addition to imposing additional expense and litigation burden on the insured, often will require inquiry into the insurer's basis of knowledge—including the claims file—and possible disclosure of confidential mediation communications. Section 26-1-813, MCA; *Kluver v. PPL Mont., LLC*, 2012 MT 321, ¶¶ 52-60, 368 Mont. 101, 293 P.3d 817. Forcing a first-party insured to bear the burden

of attorney fees, when the insured seeks only the full benefit of her insurance claim, defeats the purpose of having an insurance exception.

¶22 Based on the rationale expressed in *Brewer*, centered on an insured's expectations when she purchases coverage, we conclude that the solution we announce today implements a workable standard for administering the Insurance exception to the American Rule. The question of reasonableness, importantly, is still in play, as the trial court must determine the reasonableness of the fees to be awarded. *See Chase v. Bearpaw Ranch Ass'n*, 2006 MT 67, ¶ 38, 331 Mont. 421, 133 P.3d 190. Through this determination—similar to the process used any time a court considers a fee award—the court can account for a plaintiff's actions that unreasonably multiply the litigation or increase costs.

¶23 Therefore, we hold that, when a first-party insured is compelled to pursue litigation and a jury returns a verdict in excess of the insurer's last offer to settle an underinsured motorist claim, the insurer must pay the first-party insured's attorney fees in an amount subsequently determined by the district court to be reasonable. To be clear, if a first-party insured goes to trial and obtains a verdict in excess of the insurer's last offer, this constitutes prima facie proof that the insured was forced to assume the burden of legal action to obtain the full benefit of the policy, thus obviating the need for an inquiry as to whether or not the insurance exception applies. However, in cases in which the policy limits are tendered prior to a verdict being returned, the district court may consider the entirety of the litigation to determine "whether, and to what extent, [the] insured was forced to assume the burden of legal action in order to recover the full benefits of the

insurance contract." *Mlekush*, ¶ 11; *see also Riordan v. State Farm Mut. Auto. Ins. Co.*, 2008 U.S. Dist. LEXIS 47734, 2008 WL 2512023. To the extent this Opinion is inconsistent with our previous holding in *Mlekush v. Farmers Ins. Exch.*, 2015 MT 302, 381 Mont. 292, 358 P.3d 913, it is overruled.

¶24 In the case at hand, Mlekush was compelled to sue and the jury returned a verdict higher than the amount of the last offer made by Farmers to settle her underinsured motorist claim. Farmers is required to pay Mlekush's attorney fees.

¶25 Accordingly, the District Court Order denying fees is reversed and the case is remanded for further proceedings consistent with this Opinion. Upon remand, the District Court will consider a reasonable amount of fees, costs, and interest to which Mlekush is entitled.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JIM RICE