Justice Ingrid Gustafson delivered the Opinion of the Court.
***127 ¶1 Kyra King appeals the Order on Attorney Fees and Litigation Expenses issued by the Seventeenth Judicial District Court, Phillips County, on July 27, 2018. We affirm in part, reverse in part, and remand for further proceedings.
¶2 We restate the issue on appeal as follows:
Whether the insurance exception to the American Rule allows the insured to recover otherwise nontaxable costs she would not have incurred but for the insurer's behavior.
FACTUAL AND PROCEDURAL BACKGROUND
¶3 On December 27, 2014, Carla King (Carla) was driving a vehicle which was hit by a drunk driver on U.S. Highway 2, near Malta. In the vehicle with Carla were Karen Yazzie, Kyra King (King), and Kyrsten Henry. Carla, Karen Yazzie, and King were all injured in the accident.
***128 The three filed a lawsuit against both the driver of the other vehicle, Eric Keltesch (Keltesch), and State Farm Mutual Automobile Insurance Company (State Farm) on June 22, 2016. State Farm insured the vehicle that was being driven by Carla at the time of the 2014 accident, and the relevant policy included underinsured motorist (UIM) coverage with a policy limit of $50,000. Keltesch was underinsured for the damages and injuries which resulted from the accident. Karen Yazzie's UIM claim was ultimately dismissed because she was not covered by the policy and Carla's UIM claim was settled before trial.
*1045 ¶4 King and State Farm did not agree on the value of her claim and so it proceeded to trial in April 2018. State Farm had offered to settle King's claim for $20,000. The jury returned its verdict on April 18, 2018, which found that King had suffered damages in the amount of $410,000. On May 7, 2018, King filed a Motion for Attorney Fees and Litigation Expenses, seeking both attorney fees and a total of $12,767.33 in litigation expenses and costs. On May 11, 2018, King filed an Affidavit for Attorney Fees and Litigation Expenses in Support of Motion, which revised her request for litigation expenses and costs to $12,758.35. State Farm filed its response brief on May 21, 2018, agreeing that King was entitled to her attorney fees, but arguing that King was not entitled to claim her costs because they were not timely filed and exceeded those allowable by statute. On May 22, 2018, the District Court entered its Judgment against State Farm in the amount of $50,000-the policy limit-along with "interest and taxable costs." The District Court's Judgment further stated that the "issue of Plaintiff's attorneys' fees and non-taxable costs shall be determined later." On June 4, 2018, King filed both a Renewed Motion for Attorney Fees and Litigation Expenses and a Reply Brief in Support of Litigation Expenses.
¶5 The District Court held a hearing on King's Motion for Attorney Fees and Litigation Expenses on July 24, 2018. At the hearing, counsel for King again revised her requested litigation expenses and costs-this time seeking a total of $11,800.08. On July 27, 2018, the District Court issued its Order on Attorney Fees and Litigation Expenses. The District Court awarded King $20,000 in attorney fees, pursuant to King's 40% contingency fee arrangement with her attorney, and denied all of King's claimed litigation expenses and costs because they were not filed within five days of the jury's verdict as ***129 required by § 25-10-501, MCA.[1] King appeals, arguing that the timing requirement of § 25-10-501, MCA, only applies to those taxable costs found in § 25-10-201, MCA, and she should have been granted her request for nontaxable costs in the form of litigation expenses not covered by the statute.
STANDARD OF REVIEW
¶6 We review a district court's order concerning costs for an abuse of discretion. Total Indus. Plant Servs. v. Turner Indus. Group, LLC , 2013 MT 5, ¶ 61, 368 Mont. 189, 294 P.3d 363 (citing Hitshew v. Butte/Silver Bow County , 1999 MT 26, ¶ 29, 293 Mont. 212, 974 P.2d 650 ). We review a district court's application of a statute in determining entitlement to costs for correctness. Total Indus. Plant Servs. , ¶ 61 (citing Neal v. State , 2003 MT 53, ¶ 4, 314 Mont. 357, 66 P.3d 280 ).
DISCUSSION
¶7 Whether the insurance exception to the American Rule allows the insured to recover otherwise nontaxable costs she would not have incurred but for the insurer's behavior.
¶8 As a general rule, the award of costs to a prevailing litigant is governed by statute and includes a requirement that the party claiming costs submit a memorandum of costs within five days:
The party in whose favor judgment is rendered and who claims the party's costs shall deliver to the clerk and serve upon the adverse party, within 5 days after the verdict or notice of the decision of the court or referee or, if the entry of the judgment on the verdict or decision is stayed, then before the entry is made, a memorandum of the items of the party's costs and necessary disbursements in the action or proceeding. The memorandum must be verified by the oath of the party, the party's attorney or agent, or the clerk of the party's attorney, stating that to the best of the person's knowledge and belief, the items are correct and that the disbursements have been necessarily incurred in the action or proceeding.
Section 25-10-501, MCA.
¶9 Taxable costs, which are required to be listed in the memorandum ***130 of costs, are similarly governed by statute:
*1046 A party to whom costs are awarded in an action is entitled to include in the party's bill of costs the party's necessary disbursements, as follows:
(1) the legal fees of witnesses, including mileage, or referees and other officers;
(2) the expenses of taking depositions;
(3) the legal fees for publication when publication is directed;
(4) the legal fees paid for filing and recording papers and certified copies of papers necessarily used in the action or on the trial;
(5) the legal fees paid stenographers for per diem or for copies;
(6) the reasonable expenses of printing papers for a hearing when required by a rule of court;
(7) the reasonable expenses of making transcript for the supreme court;
(8) the reasonable expenses for making a map or maps if required and necessary to be used on trial or hearing; and
(9) other reasonable and necessary expenses that are taxable according to the course and practice of the court or by express provision of law.
Section 25-10-201, MCA.
¶10 In the present case, it is undisputed that King did not file a memorandum of costs within five days of the jury's verdict. To the extent that King's motion for attorney fees and litigation expenses claimed costs listed in § 25-10-201, MCA, the District Court correctly denied King's request for those costs and its decision is affirmed in that respect. See Total Indus. Plant Servs ., ¶¶ 67-69. King's appeal in this case, however, claims that the District Court erred by applying this rigid statutory framework to her request for nontaxable costs. We agree.
¶11 "Montana generally follows the American Rule regarding attorney fees, 'where each party is ordinarily required to bear his or her own expenses absent a contractual or statutory provision to the contrary.' " Mlekush v. Farmers Ins. Exch. , 2015 MT 302, ¶ 10, 381 Mont. 292, 358 P.3d 913 ( Mlekush I ) (quoting Winter v. State Farm Mut. Auto. Ins. Co. , 2014 MT 168, ¶ 31, 375 Mont. 351, 328 P.3d 665 ). We also recognize several narrow exceptions to the American Rule. Mlekush I , ¶ 10 (citing Winter , ¶ 31 ). One such exception to the American Rule we have long recognized, relevant here, is the insurance exception. The insurance exception applies "whenever an insurer forces its insured to assume the burden of litigation to obtain what the ***131 insured is entitled to under an insurance contract." Abbey/Land v. Glacier Constr. Partners, LLC , 2019 MT 19, ¶ 64, 394 Mont. 135, 433 P.3d 1230 (citations omitted).
¶12 We have previously held that § 25-10-501, MCA, "addresses memoranda of costs only[.]" In re Estate of Lande , 1999 MT 179, ¶ 12, 295 Mont. 277, 983 P.2d 316. In addition, " Section 25-10-201, MCA, enumerates the types of costs 'generally allowable' in a party's bill of costs, but we have long held that the list of items in that section 'is exclusive except as to cases taken out of its operation by special statute, by stipulation of parties, or by rule of court.' " Total Indus. Plant Servs. , ¶ 64 (quoting Roseneau Foods v. Coleman , 140 Mont. 572, 580, 374 P.2d 87, 91 (1962) (emphasis in original)).
¶13 This case arises out of State Farm's failure to provide UIM benefits to King after an accident. By their very nature, insurance contracts such as King's with State Farm are not bargained on equal footing between the parties, but are contracts of adhesion. See Winter , ¶ 19 (citation omitted). After State Farm offered King only $20,000-well below the policy limit of $50,000-King was forced to take the matter to trial, where a jury determined that she had suffered $410,000 in damages in the accident, to recover the benefits to which she was entitled from the insurance contract with State Farm. It is undisputed that King's case falls under the insurance exception to the American Rule, and all parties agree that she is entitled to her $20,000 award of attorney fees. As previously addressed, it is also undisputed that King did not file a memorandum of costs within five days of the jury's verdict to recover her taxable costs pursuant to §§ 25-10-201 and -501, MCA. Where the *1047 parties differ, however, is regarding King's entitlement to her litigation expenses which do not fall under § 25-10-201, MCA, or her "nontaxable costs."
¶14 In Mlekush I , Mlekush was injured in an accident with an underinsured motorist. Mlekush had underinsured motorist coverage with a $200,000 policy limit through Farmers Insurance Exchange (Farmers). After several months of exchanging medical information with and requesting payments from Farmers, Mlekush eventually filed suit in the district court, seeking payment of the sums due to her under her UIM policy with Farmers. A year and a half later, after the parties had exchanged several settlement offers, Mlekush received a jury verdict in the amount of $450,000. The district court entered judgment against Farmers and in favor of Mlekush for the UIM policy limit of $200,000. Five days after the verdict, Mlekush filed a memorandum of costs pursuant to §§ 25-10-201 and -501, MCA. Three weeks after the ***132 verdict, Mlekush filed a motion for "attorney fees and nontaxable costs." The district court denied Mlekush's motion for attorney fees and nontaxable costs, finding that Mlekush did not meet the insurance exception. Mlekush I , ¶¶ 3-7. We reversed the district court's denial of Mlekush's motion for attorney fees and nontaxable costs[2] and remanded to the district court to determine whether Farmers' conduct forced Mlekush to initiate legal action to obtain the full benefit of her UIM policy. Mlekush I , ¶ 14.
¶15 Two years after we decided Mlekush I , the matter again came before us in Mlekush v. Farmers Ins. Exch. , 2017 MT 256, 389 Mont. 99, 404 P.3d 704 ( Mlekush II ). After the case was remanded to the district court in Mlekush I , the district court again determined that Mlekush was not entitled to her attorney fees and nontaxable costs pursuant to the insurance exception to the American Rule. Mlekush II , ¶ 12. We again reversed the district court, holding that the insurance exception to the American Rule applies when an "insured is compelled to pursue litigation and a jury returns a verdict in excess of the insurer's last offer to settle an underinsured motorist claim[.]" Mlekush II , ¶ 23. As Mlekush was forced to institute litigation to recover the money to which she was entitled under her insurance contract, Farmers was required to pay Mlekush's fees incurred in pursuing that litigation. Mlekush II , ¶ 24. We ultimately remanded again to the district court with instructions to "consider a reasonable amount of fees, costs , and interest to which Mlekush is entitled." Mlekush II , ¶ 25 (emphasis added).
¶16 In both Mlekush I and Mlekush II , this Court considered the district court's denial of Mlekush's motion for attorney fees and nontaxable costs. Each time, we reversed the district court's denial of that motion. Finally, we remanded to the district court to award Mlekush her attorney fees, costs, and interest under the insurance exception to the American Rule. Mlekush II , ¶ 25. We implicitly extended the insurance exception to the American Rule to allow for the recovery of nontaxable costs in the Mlekush I and Mlekush II decisions. We now extend it explicitly. Restated, we hold that the insurance exception to the American Rule allows for an insured to recover both taxable and nontaxable costs from an insurer when the insured is forced to assume to burden of legal action to obtain the full benefit of ***133 his or her policy. The insurance exception is a "rule of court" that removes such cases from the exclusive operation of § 25-10-501, MCA. Total Indus. Plant Servs. , ¶ 64. To recover taxable costs, the insured must submit a memorandum of costs within the time required by § 25-10-501, MCA. To recover nontaxable costs pursuant to the insurance exception, the insured must submit a request for those nontaxable costs contemporaneously with, or before, a request for attorney's fees. We hold that a request for nontaxable costs under the insurance exception to the American Rule must be made by this time to facilitate the "uniform, timely notification of what costs are claimed and enable[ ] the opposing party to enter an objection." Total Indus. Plant Servs. , ¶ 68. *1048 ¶17 In the present case, the District Court correctly awarded King her attorney fees pursuant to the insurance exception to the American Rule and correctly denied King's request for taxable costs pursuant to § 25-10-201, MCA, as untimely. Because King should have been allowed to request her nontaxable costs even after filing her motion past the five-day limit imposed by § 25-10-501, MCA, however, the District Court erred when it denied King's request for her nontaxable litigation expenses incurred due to State Farm's behavior. The matter must be remanded to the District Court to determine the amount of nontaxable costs to be awarded to King.
CONCLUSION
¶18 The District Court correctly held that King was not entitled to her taxable costs as provided by § 25-10-201, MCA, because they were not timely filed. The District Court erred when it determined that King was not entitled to her claimed nontaxable costs, because those litigation costs are part of the insurance exception to the American Rule.
¶19 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
We concur:
MIKE McGRATH, C.J.
JIM RICE, J.
BETH BAKER, J.
DIRK M. SANDEFUR, J.

The District Court's Order on Attorney Fees and Litigation Expenses which denied King her taxable costs because they were not timely filed appears to supersede its previously-issued Judgment which granted King her taxable costs.

The language of the opinion states that we reversed "the District Court's order denying Mlekush's motion for attorney fees and taxable costs." Mlekush I , ¶ 14. The reference to "taxable costs" appears to be a typographical error.