DA 21-0230

FILED

02/15/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0230

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 33

DEPOSITORS INSURANCE COMPANY,

      Plaintiff and Appellee,

and SARA THARP,

      Plaintiff and Cross-Appellant,

     v.

PATRICK SANDIDGE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                In and For the County of Broadwater, Cause No. CDV-2019-13
                Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Geoffrey C. Angel, Angel Law Firm, Bozeman, Montana

      For Appellee for Depositors Insurance Company:

          Paul Robert Haffeman, Stephanie Hollar, Davis, Hatley, Haffeman &
          Tighe, Great Falls, Montana

      For Cross-Appellant for Sara Tharp:

          Scott G. Gratton, Adam M. Shaw, Brown Law Firm, P.C., Missoula,
          Montana

                         Submitted on Briefs:  January 19, 2022

                                 Decided:  February 15, 2022

Filed:

                        _____
                                     Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Patrick Sandidge (Sandidge) appeals a First Judicial District Court's Order on Cross-Motions for Summary Judgment (Summary Judgment Order) granting summary judgment in favor of Depositors Insurance Company (Depositors) in its declaratory judgment action to determine any *Ridley*[1] obligation it has relative to Sandidge. The restated issues on appeal are:

> *1. Did the District Court err by not holding a hearing on the parties' cross-motions for summary judgment?*
>
> *2. Did the District Court err by holding that Depositors had standing to bring a declaratory action pursuant to* Ridley*?*
>
> *3. Did the District Court err by granting Depositors' motion for summary judgment?*
>
> *4. Did the District Court abuse its discretion by denying Sandidge attorney fees and costs?*

Sara Tharp (Tharp) cross-appeals the District Court's Order on Motions to Dismiss and Motion for Protective Order dismissing her from this action. Because we affirm the District Court's Summary Judgment Order and resolve the litigation, we conclude Tharp's cross-appeal is moot.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2      Sandidge and Tharp were involved in a motor vehicle accident on September 1, 2017. Sandidge was traveling along Highway 287 in Townsend with a group of motorcyclists while himself riding a motorcycle. Tharp was attempting to exit a store's

---

[1] *Ridley v. Guar. Nat'l Ins. Co.*, 286 Mont. 325, 951 P.2d 987 (1997).

driveway and slowly merge onto Highway 287 around a visual obstruction. While the parties disagree as to what occurred, Sandidge alleges he was forced to ditch his motorcycle to avoid hitting Tharp's vehicle. A collision did not occur, but Sandidge's motorcycle came to rest against Tharp's vehicle. Sandidge made a *Ridley* claim to Depositors, Tharp's insurer, for advance payment of damages caused by the accident. Depositors advanced payments for medical bills and lost wages in the amount of $89,983.95. After Sandidge's past medical records were obtained, Depositors retained Dr. Lowell Anderson to conduct a document review of Sandidge's injuries. Dr. Anderson concluded the injuries Sandidge received from the accident should have been fully treated within six weeks and that any additional treatment was due to the natural progression of his pre-existing conditions. Thereafter, Depositors ceased making advance payments.

¶3     Sandidge retained counsel and demanded that Depositors continue making advance payments. Depositors and Tharp filed this declaratory judgment action to obtain a determination regarding Depositors' obligation to make additional payments. Sandidge sought to dismiss Tharp and Depositors, and the District Court granted his motion as to Tharp. However, because Sandidge attached "multiple exhibits to his motion to dismiss," the court converted the motion to dismiss Depositors into a motion for summary judgment pursuant to M. R. Civ. P. 56. Depositors filed its own motion for summary judgment. The District Court concluded Depositors had raised genuine issues of material fact as to whether its liability was reasonably clear and whether Sandidge's ongoing injuries were causally related to the accident. Accordingly, the District Court denied Sandidge's motion and

2

granted summary judgment to Depositors. Sandidge appeals the District Court's denial of his motion for summary judgment, and Tharp cross-appeals her dismissal.

**STANDARDS OF REVIEW**

¶4 "We review de novo a district court's ruling on a motion to dismiss pursuant to Rule 12(b)(6), M. R. Civ. P." *Plouffe v. State*, 2003 MT 62, ¶ 8, 314 Mont. 413, 66 P.3d 316 (citing *Powell v. Salvation Army*, 287 Mont. 99, 102, 951 P.2d 1352, 1354 (1997)). A party's standing is a question of law that we review de novo. *Brown v. Gianforte*, 2021 MT 149, ¶ 7, 404 Mont. 269, 488 P.3d 548 (citation omitted).

¶5 "We review a district court's ruling on summary judgment de novo, to determine whether it is correct, using the same standards as the district court under M. R. Civ. P. 56." *Warrington v. Great Falls Clinic, LLP*, 2019 MT 111, ¶ 8, 395 Mont. 432, 443 P.3d 369 (quoting *Great Falls Clinic, LLP v. Mont. Eighth Judicial Dist. Court*, 2016 MT 245, ¶ 7, 385 Mont. 95, 381 P.3d 550). "We review a district court's conclusions of law to determine whether they are correct . . ." *Teeter v. Mid-Century Ins. Co.*, 2017 MT 292, ¶ 10, 389 Mont. 407, 406 P.3d 464 (citing *Pilgeram v. GreenPoint Mortg. Funding, Inc.*, 2013 MT 354, ¶ 9, 373 Mont. 1, 313 P.3d 839). At the summary judgment stage, courts do not "make findings of fact, weigh the evidence, choose one disputed fact over another, or assess the credibility of witnesses" but only examine the "pleadings, depositions, answers to interrogatories, admissions on file, and affidavits" to determine if there is a material issue of fact and whether the moving party is entitled to judgment as a matter of law. *Andersen v. Schenk*, 2009 MT 399, ¶ 2, 353 Mont. 424, 220 P.3d 675 (citations omitted).

¶6　　We review a district court's decision to deny a hearing on a motion for summary judgment for abuse of discretion. *Miller v. Goetz*, 2014 MT 150, ¶ 9, 375 Mont. 281, 327 P.3d 483 (citing *SVKV, L.L.C. v. Harding*, 2006 MT 297, ¶ 19, 334 Mont. 395, 148 P.3d 584). "An abuse of discretion occurs when the court acts arbitrarily without conscientious judgment or exceeds the bounds of reason." *Wagner v. Woodward*, 2012 MT 19, ¶ 18, 363 Mont. 403, 270 P.3d 21 (citing *Harmon v. Fiscus Realty, Inc.*, 2011 MT 232, ¶ 7, 362 Mont. 135, 261 P.3d 1031). A district court's decision to deny or award attorney fees and costs is likewise reviewed for abuse of discretion. *Shockley v. Cascade Cty.*, 2016 MT 34, ¶ 5, 382 Mont. 209, 367 P.3d 336 (citing *Billings High Sch. Dist. No. 2 v. Billings Gazette*, 2006 MT 329, ¶ 23, 335 Mont. 94, 149 P.3d 565).

## DISCUSSION

¶7　　*1. Did the District Court err by not holding a hearing on the parties' cross-motions for summary judgment?*

¶8　　Sandidge states the District Court failed to hold a hearing on the parties' cross-motions for summary judgment because "it erroneously believed neither party requested a hearing." Sandidge points to lines in his briefs supporting his motion for summary judgment and opposing Depositors' motion for summary judgment in which he stated, "Mr. Sandidge requests to be heard on this matter" or "on this motion" to argue that he requested oral argument on the motions. He contends the District Court's failure to hold a hearing cost him the opportunity to present witness testimony and lay the foundation for otherwise inadmissible hearsay evidence he offered in support of his motion.

4

¶9 A party's right to a hearing on a motion for summary judgment is "waived unless the party requests a hearing within 14 days after the time for filing a reply brief has expired." M. R. Civ. P. 56(c)(2)(A). "Though a district court may grant a motion for summary judgment without first holding a hearing . . . it is still required to make a determination that there [is] no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Chapman v. Maxwell*, 2014 MT 35, ¶ 11, 374 Mont. 12, 322 P.3d 1029 (citations omitted). Here, the District Court's scheduling order limited the parties to a response brief and advised them that "[i]n the event counsel desire oral argument on the motions, they shall request it in accordance with the Rules." Thus, the parties' right to a hearing was waived if they did not request one within fourteen days after the time for filing the response brief had ended. M. R. Civ. P. 56(c)(2)(A). Sandidge argues that the above-quoted lines in his briefs constituted a sufficient request for oral argument.

¶10 A motion is "[a] written or oral application requesting a court to make a specified ruling or order." *Motion*, *Black's Law Dictionary*, (11th ed. 2019). A brief provides an argument containing the factual and legal authority supporting a motion. *See generally* MUDCR 2(b). Here, to request oral argument—which the District Court would then have to order—pursuant to the District Court's briefing schedule, Sandidge was required to either file a specific motion within fourteen days after the time for filing response briefs had expired, or to include the request in his motion for summary judgment and indicate the same in the motion's title. *See* Montana First Judicial District Court Rules, Rule 5(E). However, he did neither. Sandidge's briefs did not indicate in their titles that they

5

contained a request for oral argument, and district courts cannot be expected to comb through the briefing for a possible request. Neither were any further inquiries made about the issue when Depositors filed a Notice of Submittal, or when months thereafter passed without the District Court scheduling oral argument. As required, the District Court's Summary Judgment Order "[made] a determination that there [is] no genuine issue of material fact and that the movant is entitled to judgment as a matter of law" as required by our precedent. *Chapman*, ¶ 11. Under these circumstances, we conclude Sandidge waived his right to a hearing pursuant to M. R. Civ. P. 56(c)(2)(A).

¶11     *2. Did the District Court err by holding that Depositors had standing to bring a declaratory action pursuant to* Ridley?

¶12     A party must have a personal stake in the outcome of a legal dispute—standing—for a court to decide the case. *Cmty. Ass'n for N. Shore Conservation, Inc. v. Flathead Cty.*, 2019 MT 147, ¶ 19, 396 Mont. 194, 445 P.3d 119 (citing *Ballas v. Missoula City Bd. of Adjustment*, 2007 MT 299, ¶¶ 14-16, 340 Mont. 56, 172 P.3d 1232). "Standing is a threshold jurisdictional requirement that limits Montana courts to deciding only cases or controversies (case-or-controversy standing) within judicially created prudential limitations (prudential standing) . . . . Case-or-controversy standing limits the courts to deciding actual, redressable controversy." *Brown*, ¶ 9 (citation omitted).[2] The injury must be "concrete," which this Court has defined as "actual or imminent, not conjectural or hypothetical." *Mitchell v. Glacier Cty.*, 2017 MT 258, ¶ 10, 389 Mont. 122, 406 P.3d 427

---

[2] Sandidge does not raise a prudential standing issue.

(citation omitted). Thus, to meet the case-or-controversy requirement, "a plaintiff must clearly allege a past, present, or threatened injury to a property or civil right and the injury must be one that would be alleviated by successfully maintaining the action." *Cmty. Ass'n for N. Shore Conservation, Inc.*, ¶ 19 (citations omitted).

¶13 Sandidge argues Depositors lacked standing to seek a declaratory judgment because it is at no risk of injury and any decision a court reaches would be advisory in nature. Sandidge acknowledges it is proper under Montana precedent for a *third-party* claimant to seek a declaratory judgment under *Ridley* to establish that liability is reasonably clear and the insurer is required to advance-pay the third-party's expenses. *See Teeter*, ¶ 15 (citations omitted). However, Sandidge contends that, when an insurer halts medical payments and files a declaratory action to determine whether liability is reasonably clear, it has no standing because a court's resolution of the matter "would not stop the advance payment of medical expenses because that [has already] occurred," and thus "would not conclude the controversy over the tort claim or whether a violation of the [Unfair Trade Practices Act, or UTPA] occurred." We conclude Sandidge's argument lacks merit.

¶14 The Montana Uniform Declaratory Judgments Act (UDJA) provides that:

> Any person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Section 27-8-202, MCA. An insurance company is considered a "person" for the purposes of the UDJA. Section 27-8-104, MCA. District courts "have the power to declare rights,

status, and other legal relations whether or not further relief is or could be claimed" and are "not restricted in 'any proceeding where declaratory relief is sought in which a judgment or decree will terminate the controversy or remove an uncertainty.'" Section 27-8-201, MCA; *Safeco Ins. Co. v. Mont. Eighth Judicial Dist. Court*, 2000 MT 153, ¶ 31, 300 Mont. 123, 2 P.3d 834 (quoting § 27-8-205, MCA).

¶15    Here, the controversy before the District Court was whether Depositors had an obligation under *Ridley* to *continue* advancing medical and wage payments to Sandidge. This is no theoretical dispute. As an insurer, Depositors must, under the terms of the policy, indemnify its insured by compensating a third-party claimant for damages sustained from its insured's negligence. Generally, this payment is made after a settlement or adjudication of damages by trial. However, under Montana law, an insurer must advance-pay a claimant's expenses when (1) liability for the accident is reasonably clear and (2) it is reasonably clear the expenses are causally related to the accident. *Teeter*, ¶ 15. Upon receipt of Sandidge's medical records in discovery, Depositors stopped advancing medical and lost wage payments to Sandidge, who acknowledged in his Answer herein that he continues to demand such advance payments. This is a controversy addressable through a declaratory judgment—indeed, it is the same controversy addressed through declaratory actions in *Safeco*, *Dubray*, *Giambra*, and *Teeter*, although initiated in those cases by the claimant. *See Safeco*, ¶¶ 4-5; *Dubray v. Farmers Ins. Exch. & John Does 1-10*, 2001 MT 251, ¶¶ 4-5, 307 Mont. 134, 36 P.3d 897; *Giambra v. Travelers Indem. Co.*, 2003 MT 289, ¶¶ 1-8, 318 Mont. 73, 78 P.3d 880; *Teeter*, ¶¶ 3-6. As the purpose of a declaratory action is for the court to "terminate the controversy" by declaring the "rights, status, [or] other

8

legal relations" between the third-party claimant and the insurance company, it is not material for standing purposes which party initiates the action. Sections 27-8-201, -202, -205, MCA.

¶16 Sandidge's argument that the District Court's ruling will enable an insurer to use a declaratory action as "a shield to immunize the insurer from its past adjustment decisions" is unavailing. An insurer seeking a declaratory ruling concerning its UTPA-based *Ridley* obligation is not shielding itself from its payment decisions—a court could well conclude upon the record that the insurer has a continuing *Ridley* obligation, and has no basis to discontinue payments, with the potential additional obligation of paying the claimant's attorney fees, the result Sandidge requested here. Sandidge's argument that permitting only third-party claimants to initiate declaratory actions concerning *Ridley* protects them from unfair burdens of the litigation is not convincing. Even when a third-party claimant initiates the action, a decision that the insurer need not advance payments reaches the same result, with the same burdens, as here. *See, e.g. Giambra*, ¶ 16; *Teeter*, ¶ 24. While Sandidge points out that a third-party claimant compelled to defend a *Ridley* action is exposed to uninvited attorney fees and costs, the successful third-party claimant is entitled, as referenced above, to request "necessary and proper" attorney fees and costs under the UDJA's supplemental relief statute and our caselaw. Section 27-8-313, MCA; *Trs. of Ind. Univ. v. Buxbaum*, 2003 MT 97, ¶ 46, 315 Mont. 210, 69 P.3d 663; *Renville v. Farmers Ins. Exch.*, 2004 MT 366, ¶¶ 25-27, 324 Mont. 509, 105 P.3d 28. We conclude Depositors' declaratory judgment action presented a legitimate, justiciable, controversy to the District Court, which Depositors had standing to initiate.

9

¶17    *3. Did the District Court err by granting Depositors' motion for summary judgment?*

¶18    Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." M. R. Civ. P. 56(c)(3); *Nunez v. Watchtower Bible & Tract Soc'y of N.Y., Inc.*, 2020 MT 3, ¶ 9, 398 Mont. 261, 455 P.3d 829 (citation omitted). "Once the moving party meets this burden, the nonmoving party must present material and substantial evidence to raise a genuine issue of material fact." *B.Y.O.B., Inc. v. State*, 2021 MT 191, ¶ 12, 405 Mont. 88, 493 P.3d 318 (citation omitted). "If a party moves for summary judgment without supporting affidavits, a court may only consider the pleadings and the discovery and disclosure materials on file in granting summary judgment." *Alfson v. Allstate Prop. & Cas. Ins. Co.*, 2013 MT 326, ¶ 11, 372 Mont. 363, 313 P.3d 107 (citation omitted). Further, "a court need only consider admissible evidence" in determining whether summary judgment is appropriate—properly authenticated evidence is a condition precedent to admissibility. *Alfson*, ¶ 11 (citing *N. Cheyenne Tribe v. Roman Catholic Church*, 2013 MT 24, ¶ 21, 368 Mont. 330, 296 P.3d 450; *Hiebert v. Cascade County*, 2002 MT 233, ¶ 35, 311 Mont. 471, 56 P.3d 848; M. R. Evid. 901(a)).

¶19    A two-part test establishes an insurer's obligation to make advanced payments under *Ridley*: "(1) whether liability is reasonably clear and (2) whether it is reasonably clear that a medical expense is causally related to the accident." *Teeter*, ¶ 15. "[E]ven though liability for the accident may be reasonably clear, an insurer may still dispute a medical

10

expense if it is not reasonably clear that the expense is causally related to the accident in question." *Teeter*, ¶ 15 (quoting *Ridley*, 286 Mont. at 334, 951 P.2d at 992) (internal quotations omitted). Liability is reasonably clear "when a reasonable person, with knowledge of the relevant facts and law, would conclude, for good reason, that the defendant is liable to the plaintiff." *Teeter*, ¶ 16 (quoting *Peterson v. St. Paul Fire & Marine Ins. Co.*, 2010 MT 187, ¶ 39, 357 Mont. 293, 239 P.3d 904) (internal quotations omitted). This is comparable to the "clear and convincing evidence" standard. *Teeter*, ¶ 16 (citation omitted). The same standard applies to whether the medical expense is causally related to the accident; if there is "an objectively reasonable debate about whether a medical expense is causally related to the accident" then the insurer has no obligation to make advance payment for that expense pursuant to *Ridley*. *Teeter*, ¶ 16.

¶20 Here, the District Court concluded there were disputed issues of material fact relative to both liability and causation, precluding summary judgment in Sandidge's favor. It therefore granted Depositors' motion for summary judgment.[3] Sandidge argues that the District Court failed to view the evidence in the light most favorable to him regarding both liability and the causal relationship between his injuries and the accident. Further,

---

[3] While, at an initial glance, granting Depositors' motion for summary judgment because disputed "issues of material fact" exist seems to turn the summary judgment standard on its head, it is correct in the context of the issues raised here. A *Ridley* action does not seek to resolve the issues in the underlying negligence case, but rather, examines whether liability and causation are "reasonably clear" for purposes of the separate action. *See Teeter*, ¶ 15. If issues of material fact exist in the underlying case, there may well be "objectively reasonable debate" on these facts for purposes of the *Ridley* action, and liability and/or causation may not be "reasonably clear." *Teeter*, ¶ 16. If either are not "reasonably clear," the insurer does not have a legal obligation to advance payments under *Ridley*. *Teeter*, ¶ 15.

11

regarding the first part of the test, whether liability is reasonably clear, Sandidge argues that Depositors' initial willingness to pay $89,983.95 in advance medical expenses and lost wages conclusively establishes Tharp's liability is reasonably clear, and that a vehicle crash report confirms Tharp's liability.

¶21 The District Court's determination that Depositors never unambiguously accepted liability for the accident is correct. Depositors' complaint clearly states its belief that Sandidge was comparatively negligent in the accident, and it submitted Tharp's affidavit providing sufficient information to raise genuine issues of material fact regarding how the accident occurred and her resulting liability, if any. Sandidge presents no authority for the position that when an insurance company makes any advance payments, it is unalterably conceding that its insured's liability is reasonably clear. The District Court was likewise correct in determining the vehicle crash report offered by Sandidge as evidence of Tharp's liability was inadmissible hearsay. The report was clearly offered for the truth of the matter asserted and is classic hearsay. M. R. Evid. 801(c); 803(8). In support of its admissibility, Sandidge offers only the speculative assertion that, had there been a hearing, the investigating officer would have testified in his favor. The District Court properly declined to consider the report and correctly held that issues of material fact preclude a finding of reasonably clear liability. *See Teeter*, ¶ 15; M. R. Civ. P. 56(c)(3).

¶22 On the second part of the test, the District Court likewise concluded it was not reasonably clear that Sandidge's medical expenses are causally related to the accident. Depositors provided Dr. Anderson's expert report and his affidavit as authentication. Dr. Anderson opined that Sandidge's injuries should have resolved within six weeks of the

accident. Sandidge provided medical records from his treating physicians to support his claim that his continuing injuries are causally related to the accident, but did not present any affidavits authenticating or otherwise explaining the medical records, or providing his physicians' opinions on causation. Without authentication, these records were inadmissible hearsay and the District Court correctly disregarded them in its analysis. *Alfson*, ¶ 11; M. R. Evid. 801(c). While Sandidge argues the District Court "did not view the competing opinions in the light most favorable to [him]" as required on summary judgment, *see Bailey v. State Farm Mut. Auto. Ins. Co.*, 2013 MT 119, ¶ 30, 370 Mont. 73, 300 P.3d 1149, there were, technically, no "competing opinions" regarding medical causation where Sandidge's evidence could not be considered in summary judgment. Only Dr. Anderson's authenticated report could be properly considered. *See Teeter*, ¶ 16; *Alfson*, ¶ 11. Sandidge offers no further arguments regarding hearsay admissibility.[4]

¶23    *4. Did the District Court abuse its discretion in denying Sandidge attorney fees and costs?*

¶24    Sandidge argues the District Court erred by failing to award attorney fees and costs pursuant to § 27-8-313, MCA, the UDJA's supplemental relief provision, § 37-61-421,

---

[4] Sandidge also offers that, "[w]hile the Rules permit affidavits in lieu [of] or in addition to live testimony at a hearing, there is no requirement that the evidence, including the foundation for documentary evidence, be presented ahead of a hearing by affidavit. Such a rule would make a hearing useless." This position is inconsistent with the Rules. *See* M. R. Civ. P. 56(c)(1)(B): "a party opposing the motion [for summary judgment] *must* file a response, *and any opposing affidavits*, within 21 days after the motion is served . . ." and M. R. Civ. P. 56(e)(2): "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must— *by affidavits* or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." (Emphasis added.) *See also Alfson*, ¶ 13 (explaining how items not enumerated in M. R. Civ. P. 56 may be considered on summary judgment only if they are "authenticated by a sworn affidavit or discovery response.").

MCA, which permits attorney fees and cost when defending against vexatious litigation, and the insurance exception to the American Rule.[5]  Because Depositors is the prevailing party, we conclude the District Court did not abuse its discretion by denying Sandidge attorney fees and costs under § 27-8-313, MCA, or under the American Rule.  Section 37-61-421, MCA, would require a demonstration that Tharp or Depositors, even as a prevailing party, "multiplie[d] the proceedings . . . unreasonably and vexatiously."  Section 37-61-421, MCA.  Sandidge's arguments that Tharp multiplied the proceedings unreasonably and vexatiously are solely premised upon her attempt to resist dismissal as a party and prematurely appealing the order dismissing her.  Without more, these are not sanctionable actions under § 37-61-421, MCA.  The District Court's denial of attorney fees and costs is affirmed.

¶25    The District Court's Summary Judgment Order is affirmed.  Having so held, and as acknowledged in her briefing, we further conclude that Tharp's cross-appeal has been mooted.

¶26    Affirmed.

/S/ JIM RICE

---

[5] The "American Rule" generally requires that each party bear his or her own litigation expenses absent a contractual or statutory provision to the contrary. *King v. State Farm Mut. Auto. Ins. Co.*, 2019 MT 208, ¶ 11, 397 Mont. 126, 447 P.3d 1043 (citation omitted).  One exception to this rule is the "insurance exception" which applies "whenever an insurer forces its insured to assume the burden of litigation to obtain what the insured is entitled to under an insurance contract." *King*, ¶ 11 (citation omitted).

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR